[Crim. No. 21303. Second Dist., Div. Four. Sept. 20, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER DEAS, Defendant and Appellant.

## COUNSEL

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and William K. McCallister, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged, jointly with Anthony Payton,[1] in a five-count information. Counts I, II and V concerned Payton only; counts III and IV charged both defendants with violations of section 211 of the Penal Code (robbery) and alleged that defendant was armed with a deadly weapon at the time of each offense and that he had used that weapon at the time of commission of each offense. After a jury trial, defendant was found guilty of robbery in the first degree on each of the two counts in which he was involved. The jury found the armed allegations in

---

[1]The record on this appeal does not indicate the disposition of the case as to Payton.

count III to be true but the allegations in count IV to be untrue. Motions for a new trial and for probation were denied. The court found, as to count III, with reference to the "armed" allegations, as follows: ". . . the Court now orders that finding limited to and within the meaning of Section 1203 Penal Code only, and further that Section 3024 and 12022 of the Penal Code are not applicable to the finding that the defendant was so armed, however, the finding of the Jury that defendant used a fire arm, to wit a pistol at time of commission of offense alleged in Count 3 is found by Court to fall under and that provision of Section 12022.5 of Penal Code are applicable with respect to Count 3;" Although it was admitted that defendant had a narcotic problem,[2] the trial court refused to institute proceedings under the Narcotic Rehabilitation Act. Defendant was sentenced to state prison, the sentences on the two counts to run concurrently. He has appealed; we affirm.

The contentions made to us are without merit:

(1) Whether or not to exclude the victim in one count while the victim in the other count testified was a matter within the discretion of the trial court. The two offenses were entirely separate in their commission. The argument that one victim might be influenced by the other's testimony is unimpressive and is not borne out by the actual record.

(2) The trial court correctly ruled that one victim's testimony at the preliminary examination did not contradict his trial testimony and, therefore was not impeaching.

(3) ■■ Defendant argues that the trial court abused its discretion in refusing to order the institution of proceedings under the Narcotic Rehabilitation Act. The argument appears to be based on the provision in section 3051 of the Welfare and Institutions Code which makes institution of such proceedings obligatory on the trial court unless it affirmatively finds "such a *pattern*[3] of criminality that [the defendant] does not constitute a fit subject for commitment. . . ." But, under section 3052 of that code, a defendant who, like this defendant, has been convicted of robbery, is ineligible for commitment under the rehabilitation program, unless the trial judge[4] affirmatively elects to permit proceedings in the individual case on a finding

---

[2]In commenting on its ruling, the trial court said:
"THE COURT: There isn't any question that drugs have been and are his problem. Whether or not he is presently an addict, of course, is doubtful, but I am sure that if he were turned loose today he would revert immediately to drugs."

[3]Italics added.

[4]The statutory provision requiring concurrence of the prosecuting attorney is no longer applicable.

(as provided in the third paragraph of § 3051) that the particular case is "unusual" and that the interest of justice would best be served by such special action. The record before us shows that the trial court made just such a consideration and refused to exercise its power because it thought that this defendant, in this case, did not meet the statutory condition for special treatment.

(4) In a supplemental brief, filed in propria persona, defendant argues that the invocation in the judgment of section 12022.5 of the Penal Code was improper because that section was not mentioned by number in the information. He relies on the decision of division five of this court, in *People* v. *Henderson* (1972) 25 Cal.App.3d 371 [101 Cal.Rptr. 129]. That case does not support his argument. *Henderson* held only that, for section 12022.5 to be applied, the information must charge "use" of a firearm and not merely that defendant was "armed" with such a weapon. The information, and the verdict, in the case at bench satisfied that requirement. We know of no law that requires a criminal pleading to cite the code section applicable to facts properly pleaded.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.