Gary L. MILLIGAN, Petitioner,

v.

W. T. STONE, Warden, Soledad State Prison, Respondent.

Civ. No. 75–508–T.

United States District Court,
S. D. California.

Jan. 5, 1976.

Gary L. Milligan in pro per.

Evelle J. Younger, Atty. Gen., Sacramento, Cal., by Alan S. Meth, Deputy Atty. Gen., San Diego, Cal., for respondent.

## ORDER DISMISSING CASE

TURRENTINE, District Judge.

Petitioner filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that (1) he was denied his Fourteenth Amendment right to a fair hearing on his motion to suppress because the judge was biased against him; (2) he was denied his Fourth Amendment right to be free from unreasonable searches and seizures because his initial detention was unlawful, and (3) he was denied his Sixth Amendment right to effective aid of counsel during his suppression hearing, guilty plea, and sentencing. Based on the prisoner's petition, the State's return, and the State court transcript and record, this Court finds that none of petitioner's constitutional rights were violated and that his petition for a writ of habeas corpus must be dismissed.

## I. FACTUAL BACKGROUND

At 2:30 a. m. on July 3, 1973, Officer William Ritter observed petitioner and another man sitting in a vehicle parked in front of an all-night coin-operated laundry in a small shopping center. There had been numerous thefts in the area, including thefts from coin machines. Ritter approached the vehicle and asked the two men for identification. Neither was able to produce any. Ritter asked the two what they were doing. They replied that they were going to do their laundry. Ritter asked the two men if he could search the pillow case that petitioner was holding. Milligan agreed and in the pillow case Ritter found a purse that had been stolen the day before. The vehicle was later searched and a .45 caliber automatic was found.

After a hearing, petitioner's motion to suppress the weapon only was granted. Pursuant to a plea bargain, petitioner pleaded guilty to first degree robbery and three additional counts were dismissed. He was sentenced to state prison. The California Court of Appeal affirmed the conviction. The California Supreme Court refused to grant petitioner a hearing.

## II. FAIR HEARING

Petitioner first contends that he was denied his Fourteenth Amendment right to a fair hearing on his motion to suppress evidence because the judge was biased against him. This contention is based upon the State trial judge's characterization of the motion as a "fishing expedition" and the judge's reference to petitioner as a "young robber".

Petitioner's contention must be rejected. A defendant does have a constitutional right not to be tried before a judge who is biased against him. *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). However, although the trial judge's statements may have been inappropriate, they do not demonstrate that he was biased

against petitioner as to the issues of law addressed at the suppression hearing. The judge's displeasure was directed at petitioner's attorney, not petitioner. Furthermore, the trial court granted petitioner's motion to suppress the weapon.

Moreover, even if the trial court had been biased against petitioner, it is doubtful that his contention is cognizable on federal habeas corpus. When a criminal defendant pleads guilty, he cannot, in a federal habeas corpus proceeding, allege the deprivation of constitutional rights that antedated his plea, except where state law permits a defendant to plead guilty without forfeiting his right to judicial review. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). Except on search and seizure issues, California Penal Code § 1237.5 only permits an appeal after a guilty plea where the State trial court has executed and filed a certificate of probable cause for such appeal. Here, petitioner did not seek or obtain such certificate. Since petitioner could not appeal on the issue of the trial judge's bias, he cannot raise the issue on federal habeas corpus.

## III.  SEARCH AND SEIZURE

Petitioner next contends that he was denied his Fourth Amendment right to be free from unreasonable searches and seizures. This contention is based upon the argument that the initial detention of petitioner was unlawful because there was no suspicious conduct and therefore all items seized during the unlawful detention should be suppressed.

This contention must also be rejected. A police officer may make a brief stop of a suspicious individual for the purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The standard applicable under the Fourth Amendment to vehicle stops by police for investigatory purposes is whether the "stop" is based on a "founded suspicion", that is, whether there is some basis from which the court can determine that the detention was not arbitrary or harassing. *United States v. Jaime-Barrios,* 494 F.2d 455, 457 (9th Cir. 1974), *cert. denied,* 417 U.S. 972, 94 S.Ct. 3178, 41 L.Ed.2d 1143 (1974); *United States v. Leal,* 460 F.2d 385, 387–88 (9th Cir. 1972), *cert. denied,* 409 U.S. 889, 93 S.Ct. 154, 34 L.Ed.2d 146 (1972); *Wilson v. Porter,* 361 F.2d 412, 415 (9th Cir. 1966).

Here, Officer Ritter's detention of petitioner was based on founded suspicion. Petitioner was parked in an area of frequent burglaries. It was 2:30 a. m. The vehicle was parked in front of the laundry, thereby blocking the view of the laundry from the street. This was sufficient to establish a founded suspicion. *Untermyer v. Hellbush,* 472 F.2d 156 (9th Cir. 1973).

## IV.  COMPETENCY OF COUNSEL

Petitioner also contends that he was denied his Sixth Amendment right to effective aid of counsel because of his attorney's incompetence. However, a conviction may not be set aside on grounds of ineffective representation of counsel unless the attorney was so incompetent as to make the trial a farce or a mockery of justice, a representation so ineffective as to be shocking to the conscience of the Court. *United States v. Miramon,* 470 F.2d 1362, 1363, (9th Cir. 1972), *cert. denied,* 411 U.S. 934, 93 S.Ct. 1909, 36 L.Ed.2d 395 (1973). This Court's examination of the record reflects no factual basis for Milligan's assertion that he was denied the effective assistance of counsel.

Petitioner first complains that his attorney should have moved to disqualify the trial judge at the suppression hearing because the judge was biased against petitioner. But as we pointed out earlier, there is no evidence that the trial judge was biased against petitioner. Hence, counsel's decision not to challenge the trial judge does not render him incompetent.

Petitioner secondly faults counsel for failing to have Counts III and IV of the infor-

mation dismissed at the time of the plea. These counts were based on the gun that had been suppressed. Petitioner contends that his plea bargain might have been more favorable if there had been only two counts against him. 'Counts III and IV *were* dismissed at the time of the plea. Furthermore, both the District Attorney and petitioner's counsel were surely aware that the suppression of the gun rendered counts III and IV unsupportable and took that into consideration when they negotiated the plea bargain. Hence, the plea bargain was handled competently.

Petitioner thirdly complains that counsel failed to suggest to the Court alternative sentences. Petitioner's counsel argued that Milligan should receive a suspended sentence and probation. Petitioner contends that counsel should have suggested to the Court a sentence under the provision of § 1202b of the California Penal Code which permits the Court to sentence a youthful offender to a term of not less than six months. However, it would have been inconsistent for counsel to argue for a six-month term at the same time he was arguing for a suspended sentence and probation. Counsel's election to press for the latter reflects no incompetence.

Petitioner lastly contends that counsel should have suggested to the Court a commitment to the California Rehabilitation Center for drug addiction under § 3051 of the California Welfare and Institution Code. This sentencing alternative, however, is not available for persons who are convicted of robbery unless the case is unusual and the interests of justice would best be served by such special action. Cal.Welf. & Inst.Code §§ 3051, 3052; *People v. Deas,* 27 Cal.App.3d 860, 862–63, 104 Cal.Rptr. 250 (1972). No such special circumstances were present in this case and counsel's failure to suggest such a sentencing alternative did not demonstrate incompetence.

## V. APPOINTMENT OF COUNSEL

Petitioner requested this Court to appoint an attorney to represent him in these proceedings. No United States Supreme Court case has specifically held that an indigent petitioner has a constitutional right to court-appointed counsel in a habeas corpus proceeding. The Ninth Circuit Court of Appeals has taken the position that counsel is not necessary unless under the circumstances of the particular case this is required in order to attain due process of law. *Eskridge v. Rhay,* 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied,* 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1966), *reh. denied,* 383 U.S. 922, 86 S.Ct. 903, 15 L.Ed.2d 679 (1966). In view of the nature of the questions Milligan has raised in this habeas corpus proceeding, we conclude that it is not necessary to appoint counsel to represent him in order to afford him due process.