[Crim. No. 42157. Second Dist., Div. Four. July 20, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
DANIEL CECIL BARELA, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp and Robert H. Philibosian, District Attorneys, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**AMERIAN, J.**—To an information charging three counts, respondent Daniel Cecil Barela (respondent) entered a plea of guilty to all counts. In count I of the information filed October 6, 1981, respondent was charged with a violation of Penal Code[1] section 211, for which the sentence range is two, three or five years (§ 213). In count II he was charged with violation of section 245, subdivision (a), for which the sentence range is two, three or four years. In count III he was charged with violation of sections 664 and 187, for which the sentence range is five, seven or nine years (§ 664, subd. 1).

Additionally there was alleged in the information a two-year enhancement for use of a firearm under section 12022.5 as to all three counts. As to counts I and III only, a three-year enhancement under section 12022.7 was alleged. As to count I only, a one-year enhancement under section 12022.6, subdivision (a) was alleged.

By amended information filed on December 18, 1981, the day respondent's plea was taken, enhancements under section 667.5, subdivision (b) were alleged as to all three counts. These enhancements grew out of two separate prior felony convictions suffered by respondent.

Respondent admitted all enhancements at the time he entered his plea, including the enhancements in the amended information.

---

[1]All references are to the Penal Code.

The facts supporting the charges were that respondent and another person entered a jewelry store. Respondent was armed with a handgun, forced the proprietor to open a safe and took diamonds, jewelry and watches valued at $55,000 to $60,000 and $2,000 in cash. The proprietor began to fight with respondent and respondent struck the proprietor in the head several times with the butt of the gun. Respondent then fired several rounds at the proprietor, narrowly missing him.

In the face of these circumstances, respondent entered a sentence bargain with the court under the terms of which, in exchange for a plea of guilty to all counts and admission of all enhancements, respondent would be sentenced to a total of six years in prison. The People vigorously objected to the bargain at the time the pleas were taken. At the time of sentence on January 14, 1982, the People again made it clear that their side was not a party to any agreement concerning sentence, and observed, "The People feel that Mr. Barela deserves far more than the agreed-upon amount in this particular case." Just before sentence was pronounced, the prosecutor indicated again that the People were not going along with the agreement on the particular sentence in the case.

In sentencing respondent, the following format was used by the trial court: First, the midterm of three years on count I was imposed. The three-year enhancement under section 12022.7 was imposed on count I, to run consecutively to the sentence on that count. The two-year enhancement under section 12022.5 on count I was imposed and stayed. The two-year enhancement under section 12022.6 on count I was imposed and stayed. Two enhancements of one year each under section 667.5, subdivision (b) were imposed and stayed. Thus, on count I the total sentence of six years matched the bargained for sentence.[2]

Turning to count II, a sentence of three years, together with two years for the section 12022.5 enhancement, was imposed and was ordered to run concurrent to the sentence on count I.

On count III, the sentence choice was the midterm of seven years. An additional two years were imposed consecutively for the 12022.5 enhancement. An additional three years were imposed consecutively for the 12022.7 enhancement. The enhancements were ordered to run consecutive to the base term and consecutive to each other.

---

[2]The court failed to deal with the section 667.5 enhancements as regards counts II and III. The minute order and the amended abstract of judgment do not show that the court ever addressed the section 667.5, subdivision (b) enhancement as to any of the three counts, although there is the notation on the amended abstract, "2 priors are stayed."

Finally, the court ruled that under section 654, punishment both on count I and on count III was not proper. Accordingly, the court stayed the sentence on count III and ordered that the stay become permanent once the sentence on count I was served. Thus, when he left the courtroom at the conclusion of the proceedings on January 14, 1982, respondent had received the six-year state prison sentence he had bargained for with the court on December 18, 1981.

The appeal of the People is from the order staying execution of sentence on count III.

## ISSUE

■ Appellant urges that the trial court exceeded its jurisdiction when, in dealing with two crimes listed in section 1203.06, it stayed service of a prison term imposed for a more serious offense until completion of a term imposed for a less serious offense. We hold that this action was not in excess of the court's jurisdiction.

## DISCUSSION

Although in several cases under section 654 the Supreme Court has spoken of punishment of only the more serious crime, that language has come in the context of appellate court action staying sentence on certain counts where a trial court has sentenced on more than one count.[3]

■ It is clear that a trial court generally has the discretion in sentencing on more than one count to select the count on which sentence is to be carried out and stay sentence on the remaining counts as to which sentence is imposed. In *People* v. *Mendevil* (1978) 81 Cal.App.3d 84 [146 Cal.Rptr. 65], a defendant was convicted of violation of both section 12303 and of section

---

[3]See e.g., *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839], "The conviction for both arson and attempted murder violated Penal Code, section 654, since the arson was merely incidental to the primary objective of killing Mr. and Mrs. Raymond. Petitioner, therefore, can only be punished for the more serious offense, which is attempted murder." *In re Ward* (1966) 64 Cal.2d 672, 676 [51 Cal.Rptr. 272, 414 P.2d 400], "The punishment for the offense of kidnaping for the purpose of robbery (Pen. Code, § 209) is greater than that for first degree robbery (Pen. Code, § 213). Petitioner should therefore be punished for the offense of kidnaping Mr. Bass but not for the offense of robbing him." *People* v. *Beamon* (1973) 8 Cal.3d 625, 639-640 [105 Cal.Rptr. 681, 504 P.2d 905], "Defendant was convicted of kidnaping for the purpose of robbery and for the commission of that very robbery. We are compelled to the conclusion as a matter of law that on the record here both crimes were committed pursuant to a single intent and objective, i.e., to rob Ashcraft of the truck or its contents. [Citations.] Pursuant to section 654, defendant may therefore be punished for only one of such crimes. As punishment for second degree robbery is the lesser punishment for the two crimes, its execution must be stayed. [Citations.]"

12303.3. Section 12303.3 carried the greater penalty. The trial court chose to stay execution of sentence under section 12303.3 until defendant finished his term on section 12303. The stay was to become permanent after completion of the sentence under 12303.

In affirming the order of the trial court, the court stated, "While most trial courts and appellate courts, which at times have straightened out section 654 sentencing problems, have tended to stay execution on the less seriously punishable offense, section 654 does not require that. Rather, section 654 allows the trial court to exercise discretion and to punish under either of the provisions by which the act or omission is made punishable. [Citations.]" (*People* v. *Mendevil, supra,* at p. 89.)

■■■ ·Here the court chose to impose sentence on all three counts and, under *Mendevil,* designated that as between robbery and attempted murder, the robbery charge was the one which was to be served. The midterm of three years was selected.[4] Service of the midterm of seven years on the attempted murder was stayed. Service of the sentence on the assault was ordered to run concurrent.

Appellant urges that the trial court acted in excess of its jurisdiction in sentencing respondent. It is appellant's view that the proscription of section 1203.06 is applicable to this case. That section provides, in part, "(a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons: [¶] (1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes: [¶] (i) Murder. [¶] . . . . [¶] (iii) Robbery, in violation of section 211."

The trial court did not grant probation to respondent. Imposition of sentence was not suspended as to any of the counts. Thus, the only possible transgression of a section 1203.06 requirement is of the portion of that section which provides that execution of sentence shall not be suspended in the case of conviction of certain crimes.

The first paragraph of section 1203.1 provides, in part, "The court or judge thereof, *in the order granting probation,* may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term

---

[4]As to the robbery count, enhancements under section 12022.5 (two years), section 12022.7 (three years), section 12022.6, subdivision (a) (one year) and section 667.5, subdivision (b) (two enhancements of one year each) were available. The three-year enhancement under section 12022.7 was imposed. All other enhancements to that count were imposed and stayed.

of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; provided, however, that where the maximum possible term of such sentence is five years or less, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years; may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither . . . ." (Italics added.)

A stay of sentence which has been imposed is not expressly covered by the language of section 1203.06. ■ The stay is a commonly used procedure which assures, in part, that a defendant who commits and is convicted of more than one offense does not escape punishment in the event conviction on one of the counts is reversed on appeal. (*People* v. *Niles* (1964) 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].) The use of the stay "arose as a device to preclude the windfall of freedom from penal sanction upon reversal of the conviction for which punishment was imposed." (*People* v. *Avila* (1982) 138 Cal.App.3d 873, 879 [188 Cal.Rptr. 754].) The *Niles* court approved use of the stay to avoid the consequences of a potential problem under section 654.

■ The sentencing rules for the superior courts, California Rules of Court, rule 401 et seq. recognize use of the stay. (See, e.g., Cal. Rules of Court, rules 447 and 449.) The stays imposed by the trial judge in this case are in conformance with those rules.

Appellant urges that *People* v. *Bradley* (1981) 115 Cal.App.3d 744 [171 Cal.Rptr. 487], is controlling. In *Bradley*, the defendant had been convicted of three crimes—robbery in which a firearm had been used, kidnaping for purposes of robbery and being an ex-felon in possession of a firearm. A sentence of life with possibility of parole was imposed on the kidnaping charge. Sentence on the other counts was stayed, pending completion of service of the sentence on the kidnap charge. (The opinion does not disclose what sentence choice, if any, was selected as to the remaining counts.)

The challenge on appeal was that the trial court in sentencing assumed erroneously that "it was without the authority to stay the more serious sentence pending completion of one of the lesser sentences." (*People* v. *Bradley, supra*, at p. 752.) The judgment of the trial court was affirmed.

In discussing the problem, the *Bradley* court stated, "As a general rule, a court, in the exercise of its discretion, may impose the lesser offense while

staying the greater; for unless otherwise directed, it is not required to punish a defendant with the most severe penalty. [Citations.] Here, however, the court was controlled by section 1203.06, which provides in part: '(a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons: . . . (v) Kidnapping for . . . robbery, in violation of Section 209.' Section 1203.06 requires a prison sentence for the listed offenses 'providing for *no* exception in the interest of justice or otherwise.' (*People* v. *Tanner* (1979) 24 Cal.3d 514, 520 [156 Cal.Rptr. 450, 596 P.2d 328].) Thus, every person who uses a gun in the commission of a serious crime faces a stiff prison sentence. (*Id.* at p. 520.) [¶] Bradley's argument, if accepted, would result in the following: Where a prosecutor elects to charge a defendant with a single crime, for example, kidnaping for robbery, and where instructions on lesser offenses are not proper, a conviction would require imposition of a life sentence with possibility of parole. If, however, the prosecutor charges multiple offenses, such as the case here, the ostensibly more culpable criminal obtains the benefit of judicial discretion which somehow gives the court the power to finesse the mandated prison sentence for the most serious offense, i.e., the kidnaping for robbery pending completion of one of the lesser sentences. We are unwilling to accept this illogical result which frustrates the clear intent of the Legislature. We conclude the Legislature intended a trial court to be without the discretion to stay execution of a sentence for an offense enumerated in section 1203.06 pending completion of a lesser sentence. The court here was bound by the law to act as it did." (*People* v. *Bradley, supra,* 115 Cal.App.3d 744, 753-754.)

Respondent argues that *Bradley* presents a formidable obstacle to upholding the action of the trial court in directing that sentence be carried out on the robbery count by staying service on the attempted murder count and urges that *Bradley* was "wrongly decided." We believe *Bradley* is distinguishable.

In *Bradley,* use of a firearm was specifically alleged as to only one of the counts, even though both crimes of which Bradley was convicted were listed in section 1203.06. The opinion in *Bradley* does not reveal that use of a firearm was alleged in the information as to the kidnaping for robbery count for which Bradley was sentenced. As to the robbery charge, however, use of a firearm by Bradley was specifically alleged in the information and found to be true. In the case before us, respondent was convicted by plea of two charges listed in section 1203.06 and use of a firearm under section 12022.5 was alleged and admitted as to each of the two.

■ A legislative purpose of section 1203.06 was to discourage use of firearms in the commission of crimes by "limiting the privilege of probation

for persons using firearms in committing serious crimes." (*People* v. *Tanner* (1979) 24 Cal.3d 514, 519 [156 Cal.Rptr. 450, 596 P.2d 328].) The Legislature intended to limit the flexibility of a court in dealing with one convicted of using a firearm in the commission of a crime listed in section 1203.06. This curtailment included the unavailability of probation and the elimination of certain devices to avoid having a defendant go to state prison. The devices listed in section 1203.06 are imposition of sentence suspended and suspending execution of sentence. The net result is that one convicted of using a firearm in the commission of a felony listed in section 1203.06 *must* go to prison.

 *Bradley* cites *People* v. *Tanner, supra,* 24 Cal.3d 514, as authority for its determination. In *Tanner,* the trial court was dealing with a defendant who had been convicted of only one offense, robbery with use of a firearm. That offense was listed in section 1203.06. In spite of those facts, the trial court suspended execution of sentence and placed defendant on probation after having stricken the use of firearm allegation pursuant to section 1385. The Supreme Court held that the mandatory provisions of section 1203.06 could not be avoided by using section 1385 to strike the allegations of the complaint or the findings of the jury concerning firearm use.

The case before us does not involve a grant of probation or the use by the trial court of section 1385. In our view, *Tanner* has no application at all to the question we face: Does a trial court have discretion to stay service of a greater sentence pending successful completion of a lesser sentence, where both crimes are listed in section 1203.06 and use of a firearm is alleged and admitted as to each count? We conclude that the fact that both crimes are listed in section 1203.06 has no bearing on the discretion of a trial court under *People* v. *Mendevil, supra,* 81 Cal.App.3d 84.

In its broadest terms, section 1203.06 is a section concerned with insuring that a person convicted of a listed offense does not avoid a state prison sentence where he or she has used a firearm. Here, respondent has not avoided a state prison sentence. He is serving a six-year sentence in state prison.

If the Legislature wishes to enact a statute limiting trial court discretion under section 654 in instances similar to section 1203.06, where a gun has been used in the commission of certain crimes, it may take such action. The point is that the Legislature has not done so, either in section 1203.06 or in any other statute cited to us.

We hold, then, that where a defendant has been convicted of more than one crime listed in section 1203.06, has personally used a firearm in the

commission of offenses listed in section 1203.06, and section 654 is applicable to punishment, the trial court has discretion to select the prison sentence which is to be served and to stay service of the other term until successful completion of that designated term. ██ ██▬██ This is so, even where the trial court selects as the prison term to be served that which is the shorter.[5]

### DISPOSITION

The judgment (order) is affirmed.

McClosky, Acting P. J., concurred.

**ACKERMAN, J.***—I concur.

Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code *may be* punished under either of such provisions, but in no case can it be punished under more than one; . . ." Section 654 has been consistently interpreted to permit the court to punish, by imprisonment, for the lesser offense or less severely punishable offense and stay the execution of sentence for the greater offense. (See cases collected in *People* v. *Mendevil* (1978) 81 Cal.App.3d 84, 89 [146 Cal.Rptr. 65].)

The amendment of section 1203.06 in 1975 prohibiting the granting of probation or the suspension of the execution or suspension of sentence did not expressly prohibit the staying of service of the sentence, but the implication is that it is included in the prohibition of section 1203.06. Nor did section 1203.06 expressly prohibit the application of section 654 to stay the

---

[5]Section 1203.06, subdivision (b)(1) provides, "The existence of any fact which would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

Respondent argues that the use of a firearm for purposes of section 1203.06 has not been alleged by the prosecution in count III. We do not agree. The information specifically states in count III, "IT IS FURTHER ALLEGED that in the commission and attempted commission of the above offense the said defendant DANIEL CECIL BARELA personally used a firearm, to wit, a revolver, within the meaning of Penal Code Section 12022.5." That imparts sufficient knowledge to respondent that use of a firearm is at issue. Were that issue to go to a jury for determination, the appropriate jury instruction would be CALJIC No. 17.19 (1980 rev.), which is designed for the finding under section 12022.5 and for the finding under section 1203.06, subdivision (a)(1). Concerning personal use of a firearm, the same facts support a conclusion under section 1203.06 as under section 12022.5. Apparently for this reason, the CALJIC committee in 1980 deleted CALJIC No. 17.24 which had previously been designed and used for a separate finding under section 1203.06, subdivision (a)(1).

*Assigned by the Chairperson of the Judicial Council.

greater or more severe sentence. We may presume that the Legislature enacted section 1203.06 with full knowledge of the interpretation that had been given to section 654 as illustrated in the cases cited in *Mendevil, supra.*

As stated in *Buckley* v. *Chadwick* (1955) 45 Cal.2d 183, at page 200 [288 P.2d 12, 289 P.2d 242]: "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them." (Fn. omitted.)

The Legislature in enacting section 1203.06 did not specifically address the situation where section 654 prohibits the service of two terms of imprisonment. Nor does section 1203.06 address the question of whether the trial court, in a section 654 situation, retains the option to impose sentence on the lesser crime or impose the less severe term. Given this lack of expression I conclude that section 1203.06, in a section 654 situation, does not require the trial court to sentence the defendant to the greater or more severe sentence. (See contra *People* v. *Bradley* (1981) 115 Cal.App.3d 744 [171 Cal.Rptr. 487].)

The Legislature can express its intention clearly if it so desires. (See § 667.6, subd. (a) requiring consecutive sentence or merging terms; § 4501 et seq., expressly prohibiting concurrent sentences.) If there is any doubt about the interpretation or application of penal statutes the defendant is entitled to the benefit of every reasonable doubt. (*People* v. *Ralph* (1944) 24 Cal.2d 575 [150 P.2d 401].)

See discussion and disposition in *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], relating to section 1203.06 in both majority and concurring opinions.

For the foregoing reasons, I would affirm the action of the trial court.