[Crim. No. 5713. Fifth Dist. Jan. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDAL LEE McKISSICK, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]***

---

[1]The jury instruction and peremptory challenge issues are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b). Justice Zenovich concurs in that portion of this opinion which is to be published. Since the facts relevant to the publishable issue are mentioned in the discussion of the issue, the general Statement of Facts is also not published.* (Cal. Rules of Court, rule 976.1.)

*Reporter's Note: Zenovich, Acting P. J., dissented with respect to the unpublished portion of the majority opinion dealing with sufficiency of the evidence to support defendant's requested instructions on diminished capacity and would have reversed the judgment. His dissenting opinion was not ordered published.

440

---

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark L. Christiansen, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and David De Alba, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GALLAGHER, J.*—

STATEMENT OF THE CASE

In 1980, an information was filed in the Superior Court of Kern County accusing defendant of a violation of Penal Code section 187 (murder)[2] and a violation of section 12022.5 (use of firearm in commission of a felony). Defendant was arraigned, pled not guilty, and denied use of a firearm. After a trial by jury, defendant was found guilty of second degree murder and use of a firearm during the commission of the felony. He was sentenced to state prison for an aggregate term of 17 years to life (15 years with a 2-year enhancement for use of the firearm). Defendant appeals from this conviction and sentence. The issues on appeal are:

1. Was the evidence sufficient to support defendant's requested instructions on diminished capacity?

2. Did the trial court err in limiting defendant to 10 peremptory challenges where defendant was charged with murder without special circumstances?

3. Did the trial court incorrectly assume defendant was not eligible for probation because of an alleged defect in the information?

STATEMENT OF FACTS[3]

. . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION[4]

1. INSTRUCTIONS ON DIMINISHED CAPACITY.[5]

. . . . . . . . . . . . . . . . . . . . . . .

---

*Assigned by the Chairperson of the Judicial Council.

[2]All statutory references are to the Penal Code unless otherwise indicated.

[3]See footnote 1, *ante,* page 439.

[4]See footnote 1, *ante,* page 439.

[5]See footnote 1, *ante,* page 439.

## 2. 10 PEREMPTORY CHALLENGES.[6]

. . . . . . . . . . . . . . . . . . . . . . . . .

## 3. ELIGIBILITY FOR PROBATION.

 Defendant contends that he may not be punished under section 1203.06 (no probation) because that section was not referred to in the information. He argues that he may only be punished under section 12022.5 (enhancement for use of firearm), because it was specifically referred to in the information. The information provided as follows:

"That said RANDAL LEE MCKISSICK, on or about the 15th day of September, 1980, at and in said County of Kern, State of California, before the filing of this complaint, did willfully, unlawfully, feloniously and with malice aforethought murder Jose Manuel Flores, a human being, in violation of Section 187 of the Penal Code.

"IT IS FURTHER ALLEGED that in the commission and attempted commission of the above offense the said defendant, RANDAL LEE MCKISSICK, personally *used a firearm,* to wit: a .45 caliber automatic, *within the meaning of Penal Code Section 12022.5.*" (Italics added.)

Section 1203.06 states in relevant part: "Notwithstanding the provisions of Section 1203: [¶] (a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons: [¶] (1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes: [¶] (i) Murder. . . . [¶] (b)(1) The existence of any fact which would make a person ineligible for probation under subdivision (a) *shall be alleged* in the accusatory pleading . . . ." (§ 1203.06, subds. (a)(1)(i) and (b)(1), italics added.)

Defendant argues that the emphasized language in section 1203.06, subdivision (b)(1), mandates specific reference to the section if the accused is to be sentenced under it. Defendant notes that section 12022.5, referred to in the information, uses liberalized pleading language as read in conjunction with section 969d. Those sections provide, in pertinent part, as follows:

"Any person who personally uses a firearm in the commission . . . of a felony shall, upon conviction of such felony . . . in addition and consecutive

---

to the punishment prescribed for the felony . . . of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for two years, unless use of a firearm is an element of the offense of which he or she was convicted." (§ 12022.5.)

"Whenever a defendant used a firearm as recited in Section 12022.5, the fact that the defendant used a firearm may be charged in the accusatory pleading. This charge, if made, shall be added to and be a part of the count or each of the counts of the accusatory pleading which charged the offense. That portion of any count which charges that the defendant used a firearm *shall be sufficient if it can be understood therefrom that at the time of his commission of the offense set forth in the count the defendant used a firearm.* The nature of the firearm must be set forth." (§ 969d, italics added.)

This "liberalized pleading clause" argument is without merit. Defendant misconstrues "shall be alleged" in section 1203.06, subdivision (b)(1)(a). What the statute mandates is not that reference to its code section be alleged, i.e., that punishment under section 1203.06 be charged, but that "[t]he existence of any *fact* . . . under subdivision (a)" be alleged. (§ 1203.06, subd. (b)(1), italics added.) Subdivision (a) of section 1203.06, as quoted earlier, describes use of a firearm in the commission of murder as being a crime to which the section applies. Therefore, all that need be alleged is *any* fact which would make subdivision (a) applicable.

The information clearly alleges use of a firearm and murder. The reference made to section 12022.5 may either be viewed as mere surplusage, or merely as an attempt to better describe the required existing "fact" being alleged.

If viewed as surplusage, the reference to section 12022.5 does not vitiate the use allegation, with all its implications. (*People* v. *Randazzo* (1957) 48 Cal.2d 484, 489-490 [310 P.2d 413], cert. den., *Randazzo* v. *California,* 355 U.S. 865 [2 L.Ed.2d 70, 78 S.Ct. 98].) ■ The general rule has been stated as follows: "(b) *Surplusage.* Where the pleading is otherwise sufficient, additional improper averments which do not vitiate the proper averments are nonprejudicial surplusage. They may be disregarded and the pleading upheld." (Witkin, Cal. Criminal Procedure (1963) Proceedings Before Trial, § 194, p. 183.)

If viewed as adjectival, the reference to section 12022.5 merely qualifies "used a firearm" in the second paragraph of the information. It is not used in the sense that it is the exclusive code section dealing with firearms for which the accused is charged. Reference to the section was simply another

way of saying "personally used a firearm in the commission of a felony." Indeed, all the information really did was comply with the *additional* requirements of section 969d, provided above. When read in conjunction with section 969d, section 12022.5 actually requires a *more* specific pleading than does section 1203.06: "The *nature* of the firearm must be set forth." (§ 969d, italics added.)

 Defendant next argues that the Legislature did not intend the definition of "firearm use" in section 12022.5 to be synonymous with that in section 1203.06. This argument also fails. First, section 12022.5 does not define use of a firearm. The definition most relied upon is as follows: "Although the use of a firearm connotes something more than a bare potential for use, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a firearm in aiding the commission of one of the specified felonies. 'Use' means, among other things, 'to carry out a purpose or action by means of,' to 'make instrumental to an end or process,' and to 'apply to advantage.' (Webster's New Internat. Dict. (3d ed. 1961).)" (*People* v. *Chambers* (1972) 7 Cal.3d 666, 672 [102 Cal.Rptr. 776, 498 P.2d 1024].)

Section 1203.06 defines use of a firearm as follows: "As used in subdivision (a) 'used a firearm' means to display a firearm in a menacing manner, to intentionally fire it, or to intentionally strike or hit a human being with it." (§ 1203.06, subd. (b)(3).)

Defendant supports his argument by example: "Section 1203.06, for example, clearly contains an element of intent to fire the weapon before use may be found from firing the weapon. In our case, that intent might be removed by the irresistible impulse to fire. It is to be noted that the definition of use for section 12022.5 might still be met." This example is not persuasive. Assuming, arguendo, defendant is correct when he states section 12022.5 includes intentional and unintentional discharging of a firearm whereas section 1203.06 includes only intentional discharging, this very reasoning supports reference in the information to section 12022.5 rather than to 1203.06: The defendant is on better notice that an intentional and possibly unintentional firing of a weapon are alleged. The Supreme Court has compared different language in these same statutes and likewise found the language of section 12022.5 to be broader: "We note that the proscribed use in section 1203 is a narrower one, i.e., a use 'upon a human being,' than the proscribed use of a firearm 'in the commission or attempted commission' of the felony designated in section 12022.5." (*People* v. *Chambers, supra,* 7 Cal.3d 666, 673, fn. 6.) The Supreme Court has also found that "the meaning of the term 'use' as employed in sections 1203 and 12022.5 is consistent." (*Id.,* at p. 674.)

Finally, it should be noted that the jury was instructed on finding firearm use. The instruction given defines use of a firearm as follows: "The term 'used a firearm,' as used in this instruction, means to display a firearm in a menacing manner, intentionally to fire it, or intentionally to strike or hit a human being with it." (CALJIC No. 17.19 (4th ed. 1982 pocket pt.) p. 59.) The suggested use by the authors of CALJIC No. 17.19 is that it be applicable to findings of firearm use under both section 12022.5 and 1203.06, subdivision (a)(1). (CALJIC, *supra,* at p. 60.) Further, the language of the instruction is very much like that of section 1203.06, subdivision (b)(3). The use of an earlier version of this instruction, essentially the same as that used in the present case, has been expressly approved in a case involving section 12022.5. (*People* v. *Reaves* (1974) 42 Cal.App.3d 852, 857 [117 Cal.Rptr. 163].)

The Supreme Court, which guides us in this area of statutory interpretation, has held: "The obvious legislative intent to deter the use of firearms in the commission of the specified felonies requires that 'uses' be broadly construed." (*People* v. *Chambers, supra,* 7 Cal.3d 666, 672.)

In his reply brief, defendant further contends, but without supporting authority, that section 1203.06 must be expressly charged so that a defendant is on "notice that its provisions are being invoked." For the reasons stated above, including the giving of a jury instruction specifically recommended for use in a section 1203.06 *or* a section 12022.5 finding, we find that defendant received adequate notice of the application of section 1203.06 in this case. (Accord, *People* v. *Barela* (1983) 145 Cal.App.3d 152, 161, fn. 5 [193 Cal.Rptr. 257], so finding with an information with pertinent language identical to that in the one at bench.) While reference to both sections would have been more clear, the present form of the information was sufficient. There was no lack of notice, constitutional or otherwise.

In addition, we note that it is the notice of an *offense* for which a person is charged which is required. (§ 952.) Sections 12022.5 and 1203.06 are not offenses. Instead, those sections "relate to the penalty to be imposed under certain circumstances." (*People* v. *Provencher* (1973) 33 Cal.App.3d 546, 549-550 [108 Cal.Rptr. 792]; see also *People* v. *Strickland* (1974) 11 Cal.3d 946 [114 Cal.Rptr. 632, 523 P.2d 672].) The fact of the use is all that need be alleged for proper notice. (*People* v. *Deas* (1972) 27 Cal.App.3d 860, 863 [104 Cal.Rptr. 250].) *Deas* involved section 12022.5; however, the court's conclusion is also applicable to section 1203.06. In explaining an earlier decision by a different division of the same appellate district, the *Deas* court stated: "*Henderson* held only that, for section 12022.5 to be applied, the information must charge 'use' of a firearm . . . . The information, and the verdict, in the case at bench satisfied that require-

ment. We know of no law that requires a criminal pleading to cite the code section applicable to facts properly pleaded." (*Deas, supra,* at p. 863, discussing *People* v. *Henderson* (1972) 25 Cal.App.3d 371 [101 Cal.Rptr. 129], disapproved on another point in *In re Early* (1975) 14 Cal.3d 122, 130, fn. 11 [120 Cal.Rptr. 881, 534 P.2d 721].)

Therefore, we hold that defendant received adequate notice and that the "fact" making the code section applicable is what must be alleged, not the section itself.

### DISPOSITION

The judgment is affirmed.

Martin, J., and Zenovich, Acting P. J., concurring.*

A petition for a rehearing was denied February 23, 1984, and appellant's petition for a hearing by the Supreme Court was denied April 4, 1984. Bird, C. J., and Kaus, J., were of the opinion that the petition should be granted.

---

*See footnote 1 and Reporter's Note, *ante,* page 439.