[No. C004418. Third Dist. Aug. 30, 1988.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
RUSSELL FRIETAG, Real Party in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Garrett Beaumont, Joel Carey and Derald E. Granberg, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Michael Rothschild and Rothschild, Yim & Zappettini for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.—** ▪ The issue in this writ proceeding is whether an allegation of great bodily injury improperly charged as an enhancement

under an inapplicable section of the Penal Code nevertheless constitutes the adequate pleading of a fact rendering defendant statutorily ineligible for probation when found true by the jury. We shall hold that it does and order a peremptory writ to issue.

An amended information charged defendant with two counts of lewd and lascivious conduct on a child under 14 years of age (Pen. Code, § 288, subd. (a); all statutory references to sections of an undesignated code are to the Penal Code.) A third count charged defendant with felony child endangerment. (§ 273a, subd. 1.) Appended to the section 288, subdivision (a) charges were allegations that in the course of committing those offenses defendant caused great bodily injury to the victim "within the meaning of Penal Code section 12022.8." A jury convicted defendant of all charges and found the great bodily injury allegations true.

Prior to sentencing defendant moved to dismiss the great bodily injury findings on the ground section 12022.8 under which they were expressly charged is by its terms inapplicable to a section 288, subdivision (a) violation.[1] The court granted the motion. Over the People's objection that section 1203.066, subdivision (a)(2) prohibited probation, the court suspended imposition of sentence and granted probation.

The People filed a notice of appeal and a petition for writ of mandate. ▉ Mandate, not appeal, is the proper means for the People to secure review of an order granting probation. (See § 1238, subd. (d); cf. § 1238, subd. (a)(10).)

Section 1203.066, subdivision (a)(2) prohibits the granting of probation to a defendant "who caused bodily injury on the child victim in committing a violation of Section 288." Subdivision (d) of section 1203.066 provides: "The existence of any fact which would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

▉ The People do not contest the dismissal of the section 12022.8 great bodily injury findings to the extent dismissal obviates the enhanced

---

[1] Section 12022.8 provides: "Any person who inflicts great bodily injury, as defined in Section 12022.7, on any victim in a violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person as provided in Section 286 or 288a shall receive a five-year enhancement for each such violation in addition to the sentence provided for the felony conviction."

punishment otherwise mandated. The People contend, however, that by pleading the fact of great bodily injury, even though accompanied by reference to an inapplicable section of the code, they have pled "[t]he existence of [a] fact" bringing defendant within subdivision (a)(2) of section 1203.066; since the jury found the alleged fact true, defendant is ineligible for probation.

Defendant responds that he was not given adequate notice of the People's intention to invoke section 1203.066, subdivision (a)(2) and that the People should be estopped from doing so since their intention was not manifested until well after his conviction.

Subdivision (d) of section 1203.066, requiring the pleading of any alleged fact rendering defendant ineligible for probation, does not further require that the section itself be expressly referred to by number or otherwise in the accusatory pleading. It is the pleading of the fact, here the causing of bodily injury to the victim of a violation of section 288, which provides notice that an adverse finding will result in ineligibility for probation.

In *People* v. *McKissick* (1984) 151 Cal.App.3d 439 [199 Cal.Rptr. 95], the defendant was convicted of second degree murder and an allegation defendant personally used a firearm was charged under section 12022.5 and found true. The trial court denied probation, finding defendant ineligible under section 1203.06, subdivision (a)(1), which prohibits granting probation to one who personally used a firearm in committing murder. The information did not expressly refer to section 1203.06. On appeal the court affirmed, pointing out that subdivision (b)(1) of section 1203.06 requires only that the accusatory pleading allege "any fact" making a defendant ineligible for probation under subdivision (a) and does not require reference to section 1203.06 itself. It was sufficient to invoke section 1203.06 that the information charged personal use of a firearm. (At pp. 443-445.)

The language employed in subdivision (b)(1) of section 1203.06 and in subdivision (d) of section 1203.066, each requiring that any fact making a defendant ineligible for probation be alleged in the accusatory pleading, is precisely the same. Here, the fact of great bodily injury, which includes bodily injury, was pled in the information. That allegation provides sufficient notice to defendant that if found true he will be ineligible for probation under section 1203.066.

Further, it is of no legal significance that the People did not make known their intention to argue defendant's ineligibility for probation until after his conviction. Section 1203.066, subdivision (a)(2) itself operates to deprive the

court of authority to grant probation upon a factual finding, as here, of bodily injury in the commission of a section 288 violation.

Defendant was in fact accorded greater indulgence than he was entitled to. The jury was instructed that if it found defendant guilty of a violation of section 288, subdivision (a) it must determine whether or not the defendant, "with the intent to inflict such injury, did personally inflict great bodily injury" on the victim. Subdivision (a)(2) of section 1203.066 requires proof only of "bodily injury" and does not require proof of intent to inflict injury. Defendant was the beneficiary of an instruction which increased the burden on the People by gratuitously requiring proof of intent to injure and proof of great bodily injury rather than simply "bodily injury."

We have complied with the procedural prerequisites to issuance of a peremptory writ without first issuing an alternative writ. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting defendant probation and to resentence defendant according to law.

Sparks, J., and Marler, J., concurred.

A petition for a rehearing was denied September 21, 1988, and the petition of real party in interest for review by the Supreme Court was denied November 16, 1988.