[No. A082778. First Dist., Div. Five. Aug. 30, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP RAMON KNOX, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, parts II, III, IV, V, VI and VII of this opinion are not certified for publication.

**COUNSEL**

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and John R. Vance, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Phillip Ramon Knox appeals his conviction by jury trial of two counts of oral copulation by force or fear (Pen. Code,[2] § 288a, subd. (c)) (counts 1 and 4), two counts of sodomy by force or fear (§ 286, subd. (c)) (counts 3 and 5), and penetration with a foreign object (§ 289) (count 2) against victim A; oral copulation by force or fear (count 9), penetration with a foreign object (count 6), and sodomy by force or fear (count 8) against victim B; and oral copulation by force or fear against victim C (count 10). The jury also found that appellant personally used a firearm in committing the offenses. (§ 12022.3.)

Appellant raises claims of instructional and sentencing error. The People contend, and appellant appears to concede, that the court erred in failing to impose a mandatory consecutive sentence on count 10.

### BACKGROUND

*Incident Involving Victim A*

On May 16, 1995, appellant solicited 16-year-old victim A, a prostitute, who agreed to oral copulation and vaginal intercourse in exchange for $40. Appellant drove her to a secluded wooden shed, put a gun to her head and forcefully digitally penetrated her anus. He then ordered her to twice orally copulate him and also sodomized her twice. A sexual assault examination revealed rectal lacerations consistent with forced rectal penetration.

*Incident Involving Victim B*

On May 30, 1995, appellant solicited victim B, a prostitute, who agreed to oral copulation and sexual intercourse in exchange for $20. He drove her to the shed and gave her $20. When he tried to digitally penetrate her anus she told him to stop and said they had not agreed to that. He became angry, pulled out a gun, cocked it, penetrated her anus with his fist and sodomized her. He then forced her to orally copulate him. He took part of his money back from her, and she jumped out of the car while he was driving away. A sexual assault examination revealed multiple perirectal lacerations consistent with forcible sodomy or forcible digital penetration.

*Incident Involving Victim C*

On June 8, 1995, appellant solicited victim C, a prostitute, and drove her to a secluded area in the Berkeley hills. When he offered her $10, she told

---

[2]Unless otherwise indicated, all further section references are to the Penal Code.

him she wanted $30 and asked him to take her back. He pulled out a gun, held it to her head, cocked it and ordered her to orally copulate him. He then ordered her out of the car and threatened to kill her.

Following his arrest, a consent search of appellant's car revealed a fully loaded semiautomatic pistol.

*The Defense*

Appellant testified that the charged and uncharged offenses involved consensual "role-playing" with the victims and use of an unloaded gun as a "toy."

DISCUSSION

I

Section 667.61, commonly referred to as the "One Strike" law (*People* v. *Rayford* (1994) 9 Cal.4th 1, 8 [36 Cal.Rptr.2d 317, 884 P.2d 1369]), establishes enhanced punishment for the sex offenses of which appellant was convicted when they are committed under specified circumstances. Appellant contends the court misapplied section 667.61 in sentencing him to twenty-five years to life on three oral copulation counts (counts 1, 9 and 10) because one of the statutorily required circumstances, multiple victims (§ 667.61, subd. (e)(5)), was not alleged and found true as required. Appellant argues that his 25-year-to-life sentence based on the unpled multiple victim circumstance violated his right to notice and due process, that remand is inappropriate and that we should reduce his sentence accordingly.

The People concede the amended information did not expressly allege the section 667.61, subdivision (e)(5) multiple victim circumstance, and the verdict form did not contain an express multiple victim finding. However, they argue that because the amended information alleged and the jury found that appellant committed the predicate offenses against three separate victims, the multiple victim circumstance existed. Alternatively, they argue that because the guilty verdicts on the predicate sexual offenses against three victims implicitly resulted in a true finding of the multiple victim circumstance, any error is harmless.

In general, section 667.61 requires the trial court to impose a potential life sentence (15 years to life or 25 years to life) when the defendant is convicted of a specified sexual offense committed under 1 or more of the enumerated

circumstances. (*People* v. *DeSimone* (1998) 62 Cal.App.4th 693, 696-697 [73 Cal.Rptr.2d 73].) The substantive offenses of which appellant was convicted are among those specified in section 667.61. The issue is whether it was established that the offenses occurred under the circumstances requiring the 25-year-to-life sentence imposed here.

In relevant part, section 667.61 provides: "(a) A person who is convicted of [a specified offense] under . . . two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years . . . . [¶] (b) Except as provided in subdivision (a), a person who is convicted of [a specified offense] under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years . . . . [¶] . . . [¶] (e) The following circumstances shall apply to the [specified offenses]: [¶] . . . [¶] (4) The defendant personally used a dangerous or deadly weapon or firearm in the commission of the present offense in violation of Section 12022, 12022.3, 12022.5, or 12022.53. [¶] (5) The defendant has been convicted in the present case or cases of committing [a specified offense] against more than one victim. [¶] . . . [¶] (i) For the penalties provided in this section to apply, the existence of any fact required under subdivision . . . (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

Each count of the amended information alleged appellant's commission of a specified offense against one of the three victims, and each count alleged firearm use under sections 1203.06 (ineligibility for probation), 12022.3 (gun use enhancement for enumerated sex offenses) and 667.61, subdivision (e)(4) (One Strike law with deadly weapon use circumstance).

For each count charged in the amended information the verdict forms required the jury to find whether appellant personally used a firearm, and the jury so found.

At the sentencing hearing the court noted that the maximum possible sentence on the charged offenses was 183 years to life. It sentenced appellant to 50 years to life as follows: a 25-year-to-life term on count 1 (forced oral copulation of victim A) pursuant to section 667.61, subdivision (e)(4) and (5); a consecutive 25-year-to-life term on count 9 (forced oral copulation of victim B) pursuant to section 667.61, subdivision (e)(4) and (5); and a concurrent 25-year-to-life term on count 10 (forced oral copulation of victim C) pursuant to section 667.61, subdivision (e)(4) and (5). It also imposed concurrent six-year midterms on each of the remaining counts, and concurrent four-year terms on each of the gun use enhancements.

The issue here focuses on section 667.61, subdivision (i), which requires that any fact triggering application of the One Strike law must be alleged in the accusatory pleading and either admitted by the defendant or found true by the trier of fact.

The People rely on *People* v. *Jones* (1997) 58 Cal.App.4th 693 [68 Cal.Rptr.2d 506], where the information alleged four separate One Strike circumstances, including a multiple victim circumstance, but did not make these allegations in connection with any particular count or offense. The *Jones* defendant contended the trial court erroneously failed to instruct the jury on the four separate One Strike circumstances, and the jury was never asked to make a finding on the multiple victim circumstance. (*Id.* at pp. 708, 710.) Instead, the jury merely made a finding with respect to each alleged sexual offense, that the defendant committed it against the alleged victim.

*Jones* concluded that although the trial court had a sua sponte duty to instruct on the elements of the One Strike circumstances, its error in failing to do so was harmless. As to the multiple victim circumstance in particular, *Jones* held that in light of the verdict finding the defendant guilty of the charged sexual offenses against two victims, it necessarily followed that the multiple victim circumstance applied, and the jury made such findings to the best of its ability within the verdict forms it was given. (58 Cal.App.4th at pp. 710-711.) Consequently, once the jury found the defendant guilty of an underlying substantive sexual offense against both victims, it should also have found the multiple victim circumstance true, and any error in failing to instruct or provide verdict forms thereon was harmless. (*Id.* at p. 712.) Because the multiple victim circumstance in *Jones* was alleged in the information, no notice issue was presented.

■ The People analogize the pleading issue in this case to cases holding that although an information failed to allege a defendant's ineligibility for probation under section 1203.06 by reason of his personal use of a firearm during commission of the charged offense, an allegation of personal firearm use under section 12022.5 was sufficient to invoke section 1203.06 because section 1203.06, subdivision (b)(1) requires only that the accusatory pleading allege "any fact" rendering the defendant ineligible for probation, and does not require a reference to section 1203.06 itself. (See *People* v. *Karaman* (1992) 4 Cal.4th 335, 340, fn. 3 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *People* v. *McKissick* (1984) 151 Cal.App.3d 439, 442-445 [199 Cal.Rptr. 95].)

■ The People also analogize to *People* v. *Superior Court* (*Frietag*) (1988) 204 Cal.App.3d 247 [250 Cal.Rptr. 912], which held that a great

bodily injury allegation improperly charged as an enhancement under an inapplicable Penal Code section was sufficient to plead a fact rendering the defendant statutorily ineligible for probation under section 1203.066, subdivision (d), which requires only that the accusatory pleading allege "any fact" rendering the defendant ineligible for probation, and does not require a reference to section 1203.066 itself. *Frietag* held that since the fact of bodily injury was pled in the information, it provided sufficient notice to the defendant that if found true he would be ineligible for probation under section 1203.066. (204 Cal.App.3d at p. 250.)

■ Due process requires that an accused be advised of the specific charges against him so he may adequately prepare his defense and not be taken by surprise by evidence offered at trial. (*People* v. *Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577], disapproved on other grounds in *People* v. *Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3 [76 Cal.Rptr.2d 239, 957 P.2d 928].) Except for lesser included offenses, an accused cannot be convicted of an offense for which he has not been charged, regardless of whether evidence at trial showed he committed the offense. (*Toro, supra*, at p. 973.)

■ We conclude that under the present circumstances, any error in failing to expressly plead the multiple victim circumstance and include it as a finding on the verdict form was harmless. Appellant had adequate notice of the charges against him and against which he had to defend. The facts establishing the multiple victim circumstance were alleged. Appellant knew he was charged with numerous sexual offenses, committed with use of a firearm, against multiple victims. If true, these crimes and circumstances require a 25-year-to-life sentence, and appellant was convicted as charged of the crimes against all 3 victims. Neither appellant nor the record suggests that he would have defended the case any differently if the multiple victim circumstances (§ 667.61, subd. (e)(5)) had been specifically alleged. Since the jury found appellant guilty of all charges against all three victims, it rendered a de facto multiple victim finding thereby invoking the One Strike law. (See, e.g., *People* v. *Jones, supra*, 58 Cal.App.4th at p. 712.)

II-VII*

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 757.

## DISPOSITION

The sentence is modified to reflect a consecutive 25-year-to-life term on count 10 and concurrent terms on the gun use clauses of counts 2 through 6, and 8. The judgment is otherwise affirmed. The trial court shall prepare and forward an amended abstract of judgment to the Department of Corrections.

Jones, P. J., and Stevens, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 1, 1999. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.