[No. S086481. Mar. 11, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
CHAD MELVIN MANCEBO, Defendant and Appellant.

**COUNSEL**

Kyle Gee, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi. William G. Prahl, Ward A. Campbell and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.—**

### INTRODUCTION

In this case we address a claim of sentencing error under Penal Code section 667.61,[1] also known as the "One Strike" law, and section 12022.5, subdivision (a) (section 12022.5(a)), which provides generally for a fixed-term enhancement for personal gun use in connection with conviction of a felony offense. The validity of the One Strike sentence imposed in this case is *not* contested. Rather, the narrow question presented is whether the circumstance of gun use was available to support two section 12022.5(a) enhancements when gun use had already been properly pled and proved as a basis for invoking One Strike sentencing. The answer requires close examination of the pleading and proof requirements of the One Strike law.

Section 667.61 sets forth an alternative, harsher sentencing scheme for certain forcible sex crimes. A jury convicted defendant Chad Melvin Mancebo of eight such qualifying forcible and violent sex offenses, committed on separate dates against two different victims. Under the One Strike law, defendant stands sentenced to two indeterminate 25-year-to-life terms for having committed forcible rape against one victim under the specified circumstances of gun use and kidnapping, and forcible sodomy against the other victim under the specified circumstances of gun use and tying or binding. (§ 667.61, subds. (a), (e).) Under section 12022.5(a), the jury also found that defendant personally used a gun in committing each offense, for which additional 10-year gun-use enhancements were imposed under each count (effectively increasing the two indeterminate terms to 35 years to life).

The trial court recognized, and the parties agree, that the One Strike law expressly mandated that the circumstance of gun use first be used in the calculation of the "minimum number of circumstances" necessary to impose the One Strike indeterminate terms. (See § 667.61, subd. (f).) Accordingly, gun use was unavailable as a basis for imposing the 10-year enhancements under section 12022.5(a). But the trial court nevertheless imposed the section 12022.5(a) enhancements, believing it had the authority to substitute the specified circumstance of conviction of offenses against more than one victim (§ 667.61, subd. (e)(5) or the multiple victim circumstance) for the gun-use circumstance in order to satisfy the "minimum number of circumstances" required to be pleaded and proved for One Strike sentencing

---

[1] All further statutory references are to this code unless otherwise noted.

treatment. (§ 667.61, subd. (f).) For reasons not disclosed by the record, the information never expressly alleged a multiple victim circumstance under section 667.61, subdivision (e)(5), nor was the information ever amended to include this allegation.

On appeal defendant argued that the section 12022.5(a) gun-use enhancements were invalidly imposed and should be stricken from his aggregate sentence. Respondent acknowledged the error but urged it was harmless because, in respondent's view, the trial court could substitute in the circumstance of multiple victims and thereby free up gun use as a basis for imposing additional section 12022.5(a) enhancements. Although the information did not specifically allege a multiple victim circumstance, respondent urged that the charging and conviction of crimes against both victims effectively alleged and established that circumstance. In a published opinion, the Court of Appeal found that imposition of the section 12022.5(a) enhancements violated the pleading and proof provisions of section 667.61 and defendant's due process right to fair notice because there was no notice that the People, for the first time at sentencing, would seek to invoke the multiple victim circumstance to support One Strike sentencing so that gun use would become available as a basis for imposing additional section 12022.5(a) enhancements. The court ordered the gun-use enhancements stricken from defendant's aggregate sentence, concluding gun use, as pled and proved, was required to be used in the calculation of the One Strike sentence. (§ 667.61, subd. (f).) The court did not consider the error harmless because the multiple victim circumstances (§ 667.61, subd. (e)(5)) had never been pled and therefore could not be substituted in hindsight as a basis for the One Strike terms.

For the reasons that follow, we agree with the conclusion of the Court of Appeal that given the express pleading and proof requirements of section 667.61, gun use, having been properly pled and proved as a basis for One Strike sentencing, was unavailable to support section 12022.5(a) enhancements. Accordingly, the judgment of the Court of Appeal shall be affirmed.

### FACTS AND PROCEDURAL HISTORY

The uncontested facts bearing on the single sentencing issue before us can be briefly stated as follows: In July 1995, defendant pointed a handgun at and ordered 16-year-old Y. into his truck. He drove Y. to a remote location, on the way forcing her to orally copulate him. Later he committed forcible rape twice, sodomy twice, and another act of oral copulation. In August 1995, after 18-year-old R. voluntarily rode with defendant to a remote location, he placed a gun to her head, tied her hands, forcibly penetrated her

anus and genitalia with a foreign object, and forcibly sodomized her. When R. involuntarily defecated, defendant became distracted, enabling her to escape.

The amended information charged defendant with 10 offenses arising from the sexual assaults against each victim on different dates. Specifically, he was charged with kidnapping with intent to rape (count 1; §§ 207, subd. (a), 208 subd. (d)) and within the meaning of section 667.8, subdivision (a); second degree robbery (count 2; § 211); two counts of forcible rape (counts 3 & 4; § 261, subd. (a)(2)); three counts of forcible sodomy (counts 5, 6, & 9; § 286, subd. (c)); two counts of forcible oral copulation (counts 7 & 8; § 288a, subd. (c)); and forcible anal and genital penetration by a foreign object (count 10; § 289, subd. (a)). Regarding all counts, it was alleged defendant had personally used a gun within the meaning of section 12022.5(a). Regarding forcible sex offense counts 3 through 8, it was alleged the circumstances of kidnapping and gun use applied, within the meaning of section 667.61, subdivisions (a) and (e)(1) and (4). Finally, regarding forcible sex offense counts 9 and 10, it was alleged that the circumstances of gun use and "tying or binding" the victim applied, within the meaning of section 667.61, subdivisions (a) and (e)(4) and (6).

Defendant pleaded not guilty and denied all enhancement allegations. A jury found him guilty as charged and found all enhancement allegations to be true. The trial court sentenced defendant to prison for two consecutive 35-year-to-life terms on counts 3 and 9 (25 years to life, plus a 10-year gun-use enhancement for each offense).[2] The court imposed the section 12022.5(a) gun-use enhancements under counts 3 and 9 in the belief it could substitute the multiple victim circumstance (§ 667.61, subd. (e)(5)) for the expressly pleaded gun-use circumstances in order to satisfy the "minimum number of circumstances" requirement for One Strike sentencing (§ 667.61, subd. (f)), thereby making gun use available as a basis for imposing the section 12022.5(a) enhancements. As noted, the information never alleged the multiple victim circumstance and was never amended to include it, nor was its numerical subdivision (subd. (e)(5)) ever referenced in the pleadings.

In the Court of Appeal, defendant argued that the One Strike law's pleading provision (§ 667.61, subd. (i)) required all enumerated circumstances, including the multiple victim circumstance, to be specifically alleged in the information and proved before the People could invoke them in

---

[2]In addition, the court imposed a consecutive determinate term of 85 years, as follows: the principal term of five years on count 1, plus a 10-year gun-use enhancement; five years and four months each on counts 4, 5, and 6; and 18 years each on counts 7, 8, and 10 (the upper term of eight years for the underlying offenses plus 10 years for the gun use).

support of a One Strike sentence. Because in this case the multiple victim circumstance was not formally pleaded, subdivision (f) of section 667.61 required that gun use, which was properly pled and proved, be counted toward the minimum number of circumstances necessary to establish a basis for the One Strike sentence. Hence, gun use could not serve as a ground for imposing enhancements under section 12022.5(a).

Respondent acknowledged the error but urged it was harmless because defendant was on notice he was being charged with crimes against two victims, and the jury convicted him of crimes against them both. The Court of Appeal disagreed, finding the fixed-term gun-use enhancements imposed under counts 3 and 9 unauthorized under the express provisions of the One Strike law and thus not subject to harmless error analysis. The court therefore ordered those enhancements stricken. Because this holding appeared to conflict with an earlier published decision in *People v. Knox* (1999) 74 Cal.App.4th 757 [88 Cal.Rptr.2d 432] (*Knox*), we granted respondent's petition for review.

DISCUSSION

*The One Strike law*

Approximately six months after the Legislature enacted the "Three Strikes" law as urgency legislation, it adopted section 667.61, the One Strike law. (*People v. Rayford* (1994) 9 Cal.4th 1, 8 [36 Cal.Rptr.2d 317, 884 P.2d 1369]; *People v. Ervin* (1996) 50 Cal.App.4th 259, 264 [57 Cal.Rptr.2d 728].) This section sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes perpetrated by force,[3] including rape, foreign object penetration, sodomy, and oral copulation.[4] The section applies if the defendant has previously been convicted of one of seven specified

---

[3]There is one exception: conviction of nonforcible lewd or lascivious acts on a child under the age of 14 years (§ 288, subd. (a)) will qualify for One Strike sentencing treatment "unless the defendant qualifies for probation under subdivision (c) of section 1203.066." (§ 667.61, subd. (c)(7).)

[4]At the time of the offenses, section 667.61 provided, in relevant part:

"(a) A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years except as provided in subdivision (j). [¶] . . . [¶]

"(c) This section shall apply to any of the following offenses:

"(1) A violation of paragraph (2) of subdivision (a) of Section 261. [¶] . . . [¶]

"(5) A violation of subdivision (a) of Section 289.

"(6) Sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] . . . [¶]

offenses, or if the current offense was committed under one or more specified circumstances. Subdivision (a) provides that if defendant has previously been convicted of an offense enumerated in subdivision (c), or if two of the circumstances specified in subdivision (e) apply to the current offenses, an indeterminate term of 25 years to life shall be imposed. Subdivision (b) provides that if one of the circumstances specified in subdivision (e) applies, an indeterminate term of 15 years to life shall be imposed. Subdivision (i) requires the facts of any specified circumstance to be pled and proved to the trier of fact or admitted by the defendant in open court. Subdivision (f) provides that if only the minimum number of qualifying circumstances required for One Strike sentencing treatment have been pled and proved, they must be used as the basis for imposing the One Strike term rather than to impose lesser enhancements or punishment under any other law. (§ 667.61.)

*Sentencing error*

The record establishes that only two circumstances enumerated in section 667.61, subdivision (e) were specifically alleged and proved with respect to each victim. Regarding victim Y., the information alleged "that within the meaning of Penal Code Sections 667.61(a) and (e), . . . the following circumstances apply: Kidnap and Use of Firearm." With respect to victim R.,

---

"(e) The following circumstances shall apply to the offenses specified in subdivision (c):

"(1) Except as provided in paragraph (2) of subdivision (d), the defendant kidnapped the victim of the present offense in violation of Section 207, 208, 209, or 209.5. [¶] . . . [¶]

"(4) The defendant personally used a dangerous or deadly weapon or firearm in the commission of the present offense in violation of Section 12022, 12022.3, or 12022.5.

"(5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim.

"(6) The defendant engaged in the tying or binding of the victim or another person in the commission of the present offense. [¶] . . . [¶]

"(f) If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e). [¶] . . . [¶]

"(i) For the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

Although section 667.61 has been amended since the time of the offenses, the amendments do not affect our analysis; the relevant provisions remain the same.

the information alleged "that within the meaning of Penal Code Sections 667.61(a) and (e), . . . the following circumstances apply: Use of Firearm and Tie or Bind Victim."

On appeal, defendant noted that the One Strike allegations respecting the forcible sex crimes committed against the victims in counts 3 and 9 pleaded *gun use* as one of the two minimally required circumstances in support of the 25-year-to-life terms. He therefore contended that under subdivision (f) of section 667.61, the gun-use enhancements imposed under section 12022.5(a) were improper, because gun use could only be used to support the One Strike indeterminate terms provided for in section 667.61, subdivision (a). The Court of Appeal agreed, finding that imposition of the section 12022.5(a) gun-use enhancements violated section 667.61's pleading and proof requirements, implicated defendant's due process rights, and resulted in an unauthorized sentence.

We agree with defendant and the Court of Appeal below. ■ "In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.] [¶] Additionally, however, we must consider the [statutory language under scrutiny] in the context of the entire statute . . . and the statutory scheme of which it is a part. 'We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.]' [Citations.]" (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387-388 [20 Cal.Rptr.2d 523, 853 P.2d 978].)

The plain wording of subdivisions (f) and (i) of section 667.61 together controls here. Subdivision (i) requires that "[f]or the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) *shall be alleged in the accusatory pleading* and either admitted by the defendant in open court or found to be true by the trier of fact." (Italics added.) Neither the original nor the amended information ever alleged a multiple victim circumstance under subdivision (e)(5). Substitution of that unpleaded circumstance for the first time at sentencing as a basis for imposing the indeterminate terms violated the explicit pleading provisions of the One Strike law.

Moreover, subdivision (f) of section 667.61 provides, in pertinent part, that "If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been *pled and proved*, that circumstance or those

circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) *rather than being used to impose the punishment authorized under any other law*, unless another law provides for a greater penalty." (Italics added.)

The People had to plead and prove the alleged gun-use circumstances under counts 3 and 9 before the court could impose the 25-year-to-life indeterminate terms under those counts. They were in fact formally pleaded in the information. Use of those same circumstances to impose 10-year gun-use enhancements would not fall within the exception of "punishment authorized under any other law" that "provides for a greater penalty." (§ 667.61, subd. (f).) Accordingly, imposition of section 12022.5(a) gun-use enhancements under counts 3 and 9 violated the plain language and express provisions of section 667.61, subdivision (f).

Respondent sought a way around this sentencing problem by arguing that the multiple victim circumstance found in section 667.61, subdivision (e)(5) *was* effectively pleaded and proved. Respondent asked the Court of Appeal to affirm the trial court's determination to substitute that circumstance for the gun-use circumstance so that the gun-use enhancements imposed under section 12022.5(a) would no longer be in violation of section 667.61, subdivision (f). Respondent's argument was as follows: "Although the information did not specifically allege the multiple victim circumstance by section number, it did allege the facts of the circumstance. For a section 667.61, subdivision (e)(5) circumstance to apply, the jury must find that '[t]he defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim.' The pleading requirement of section 667.61 requires only that 'the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading . . . .' Here, the information alleged that [defendant] had committed, in count 3, forcible rape of [Y.] and, in count 9, forcible sodomy of [R]. Both of the alleged offenses are listed in section 667.61, subdivision (c). Thus, the information alleged all of the facts necessary to prove the multiple victim circumstance."

In essence, respondent is urging that the pleading and proof requirements of section 667.61 be construed by reference to the language in subdivision (i) alone—i.e., that the One Strike law requires only that the "existence of any fact" relevant to invoking the alternative sentencing scheme be pleaded. The mere fact that defendant was charged with and convicted of crimes enumerated in subdivision (c) against two victims, respondent claims, suffices to satisfy the pleading requirement of subdivision (i). However, when read in conjunction with subdivision (f) of section 667.61, the One Strike

law clearly applies only if the information alleges facts, and also the "circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) [are] *pled and proved . . . .*" (§ 667.61, subd. (f), italics added; *People v. DeSimone* (1998) 62 Cal.App.4th 693, 696 [73 Cal.Rptr.2d 73]; *People v. Jones* (1997) 58 Cal.App.4th 693, 709 [68 Cal.Rptr.2d 506] (*Jones*).)[5]

In this case, with respect to the forcible rape and sodomy offenses against different victims charged in counts 3 and 9, the information neither alleged multiple victim circumstances nor referenced subdivision (e)(5) of section 667.61 in connection with those counts. In other words, no factual allegation in the information or pleading in the statutory language informed defendant that if he was convicted of the underlying charged offenses, the court would consider his multiple convictions as a basis for One Strike sentencing under section 667.61, subdivision (a). Thus, the pleading was inadequate because it failed to put defendant on notice that the People, for the first time at sentencing, would seek to use the multiple victim circumstance to secure indeterminate One Strike terms under section 667.61, subdivision (a) *and* use the circumstance of gun use to secure additional enhancements under section 12022.5(a).

The decisions in *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1438-1440 [7 Cal.Rptr.2d 1] (*Haskin*), *People v. Najera* (1972) 8 Cal.3d 504, 512 [105 Cal.Rptr. 345, 503 P.2d 1353] (*Najera*), and *People v. Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013] (*Hernandez*), all cited by the Court of Appeal below, by analogy support this conclusion.

In *Haskin*, the defendant admitted an allegation of a prior prison term under section 667.5, subdivision (b), for a prior 1979 burglary conviction. The information did not allege the burglary was of an inhabited dwelling. After the defendant admitted the enhancement allegation, the court made a factual finding, based on the People's exhibit containing proceedings of the 1979 burglary conviction, that the burglary was of a residence. At sentencing, the court imposed an enhancement term of five years for the prior 1979 burglary under section 667. It did so instead of imposing a one-year term as provided by section 667.5, subdivision (b), which was what the information

---

[5]The parties note that various statutes utilize "pled and proved" or "alleged and found true" language similar to that found in section 667.61, subdivision (i). They suggest that whatever be our holding in this case, it could stand to impact some or all of those statutory provisions. A cursory review of the statutes cited reflects that they address a variety of topics, some pertaining to probation, others to sentence enhancement under varying statutory schemes. We caution that our holding is limited to a construction of the language of section 667.61, subdivisions (f) and (i), read together, as controlling here. We have no occasion in this case to interpret other statutory provisions not directly before us.

had alleged and the defendant had admitted. The *Haskin* court held that "[b]ecause appellant was neither statutorily nor factually charged with, nor consented to, a substituted section 667 enhancement in conjunction with the 1979 offense, the trial court was without authority to impose a sentence greater than that authorized by section 667.5, subdivision (b), the charging statute which appellant admitted." (*Haskin, supra,* 4 Cal.App.4th at p. 1440.)

Although the Court of Appeal below found *Haskin* distinguishable in that it involved an admission of the enhancement allegation rather than a true finding following a jury trial, such a substitution, without the defendant's consent, violates his right to adequate notice of the factual and statutory bases of sentence enhancement allegations brought against him. That logic should apply as well in a case, such as this one, where the substituted enhancement provision is neither alleged in the information nor found true by the jury through a separate finding.

In *Najera, supra,* 8 Cal.3d 504, the defendant was charged with robbery. The information further alleged the defendant was " 'armed with a deadly weapon, to-wit, a gun.' " (*Id.* at p. 506.) The evidence established the defendant used a gun during a robbery. (*Id.* at p. 507.) However, the information did not include a section 12022.5 enhancement allegation. (8 Cal.3d at p. 509, fn. 4.) We first held in *Najera* that the jury, as trier of fact, and not just the trial judge, had to make the necessary gun-use-enhancement finding. (*Id.* at pp. 509-510.) Because the prosecution had failed to present the issue to the jury, we further concluded, "the People *waived* the application of section 12022.5 by failing to have the matter resolved at trial." (*Id.* at p. 512, italics added.)

*Najera* is factually distinguishable from the instant case in that here, although the jury was not directly presented with the issue, its verdicts, at a minimum, can be deemed an implied factual determination that defendant was convicted of "an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(5).) But our observations in *Najera* are instructive on the issue here. Although the defendant in *Najera* raised no objections to the adequacy of the enhancement allegations pleaded in the information, we nonetheless observed that "in terms of giving defendant fair notice of the charges against him," "the better practice" would be to set forth in the information whether a section 12022.5 enhancement was being charged. (*Najera, supra,* 8 Cal.3d at p. 509, fn. 4.)

In *Hernandez, supra,* 46 Cal.3d 194, criticized on other grounds in *People v. King* (1993) 5 Cal.4th 59, 78, fn. 5 [19 Cal.Rptr.2d 233, 851 P.2d 27], this court addressed the issue of whether a judge could impose an additional

three-year sentence under former section 667.8 (kidnapping for purpose of rape) when the defendant's violation of that section was neither pleaded nor proven, and was only mentioned for the first time in a probation report. (*Hernandez, supra,* 46 Cal.3d at p. 197.) We concluded "such additional term may not be imposed, since a pleading and proof requirement should be implied as a matter of statutory interpretation and must be implied as a matter of due process." (*Ibid.*)

We explained in *Hernandez* that "In the present case, as noted above, no notice whatsoever, not just of the code section but of the mens rea required by section 667.8, was given either in the information, arguments of counsel, or evidence produced at trial. Mention that a three-year additional term would be added for kidnapping for the purpose of rape was first made in the probation report filed ten days before sentencing. As a matter of due process, the enhancement under section 667.8 could not be imposed under these circumstances. [Citation.] [¶] The People, however, urge that the facts overwhelmingly establish that this kidnapping was for the purpose of rape. They argue the jury must have so concluded, and any error in failing to plead, prove, or instruct on section 667.8 was therefore harmless. It is unnecessary to articulate a particular standard of review and engage in a harmless-error analysis when defendant's due process right to notice has been so completely violated." (*Hernandez, supra,* 46 Cal.3d at pp. 208-209.)

*Hernandez,* like *Haskin* and *Najera,* is factually distinguishable from this case; here the only mens rea or scienter requirements for the multiple victim circumstance are subsumed within the requirements of the underlying offenses, which were litigated and resolved against the defendant. Nevertheless, all three decisions acknowledge at the threshold that, in addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.

Respondent urged below that a specific statutory enumeration is not a prerequisite for a valid pleading, citing *People v. Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419]. Relying on *Thomas,* respondent argued, "[i]t is sufficient that the allegations in the pleadings placed appellant on notice that the facts underlying the multiple victim circumstance would be at issue." As the Court of Appeal below observed, however, this was not our holding in *Thomas.* Rather, *Thomas* involved whether a person accused of a general charge of manslaughter, alleged as " 'wilfully, unlawfully and with/o[ut] malice aforethought,' " could be convicted of involuntary manslaughter. (43 Cal.3d at p. 827.) We held in *Thomas* that inclusion

of the word "wilfully" in the accusatory pleading did "not transmogrify the crime charged from manslaughter generally to voluntary manslaughter exclusively." (*Id.* at p. 828.) We noted further that the defendant "has not demonstrated he was prejudiced by the admittedly inartful wording of the information." (*Ibid.*)

Respondent's reliance on our decision in the automatic appeal *People v. Marshall* (1996) 13 Cal.4th 799 [55 Cal.Rptr.2d 347, 919 P.2d 1280] (*Marshall*) is also misplaced. In *Marshall*, the defendant was charged with three first degree murders, and a death sentence was sought *under formally pled multiple-murder special-circumstance allegations*. The trial court decided not to present the multiple-murder special-circumstance allegations to the jury, reasoning that if the jury found the defendant guilty of more than one of the murders charged, the special circumstances would be established without the need for any further finding. We found this procedure constituted error but was nevertheless harmless. (*Id.* at p. 850.) *Marshall* is distinguishable from this case in that here, the One Strike multiple victim circumstances[6] were never expressly alleged in the information. In contrast, the defendant in *Marshall* was given express notice that the People would be seeking the death penalty based on the special circumstance of multiple murder.

Finally, respondent's reliance on *Jones, supra,* 58 Cal.App.4th 693, is unavailing. The information in *Jones* alleged a multiple victim circumstance, thereby putting the defendant on notice that he came within the harsher sentencing provisions of the One Strike law. (*Id.* at p. 706.) The *Jones* court found that the trial court's failure to instruct the jury sua sponte on the alleged circumstances that would qualify defendant for One Strike treatment was harmless beyond a reasonable doubt. (*Id.* at p. 709.) The court rejected the defendant's claim that the jury was required to make a finding, separate from the verdicts, that each multiple victim circumstance alleged was true. Citing *Marshall*, the *Jones* court found any error was harmless. (*Id.* at p. 712.) The *Jones* case simply did not present the due process lack of notice/pleading problems implicated here and in *Haskin, Najera,* and *Hernandez.* (See *People v. Garcia* (1998) 63 Cal.App.4th 820, 833 [73 Cal.Rptr.2d 893] ["The complete lack of notice . . . , which was the basis for the court's reversal in *Hernandez,* is not present in the instant case, and a different standard for assessing prejudice applies here," because the defendant conceded he was on notice of the enhancement allegation].)

---

[6]The rationale for the limitation on the number of multiple-murder special-circumstance allegations in a death penalty case (§ 190.2, subd. (a)(3); see *People v. Allen* (1986) 42 Cal.3d 1222, 1273-1274 [232 Cal.Rptr. 849, 729 P.2d 115]) has been held inapplicable to multiple victim circumstances under the One Strike law. (*People v. DeSimone, supra,* 62 Cal.App.4th at p. 701.)

The language of subdivision (i) of section 667.61, requiring that "[f]or the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact," is straightforward and plain. So too is the further requirement of subdivision (f) that the "circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) [be] pled and proved . . . ." The information in this case expressly alleged the gun-use, kidnapping, and tying or binding circumstances, and made specific reference to subdivision (e) of section 667.61 in which they are set forth. There can be little doubt that the prosecution understood the One Strike law's express pleading requirements and knew how to comply with them. We agree with the Court of Appeal's conclusion that the People's failure to include a multiple-victim-circumstance allegation must be deemed a discretionary charging decision. Not only is this conclusion supported by the record, but respondent does not contend, much less suggest, how the failure to plead the multiple victim circumstance was based on mistake or other excusable neglect. Under these circumstances, the doctrines of waiver and estoppel, rather than harmless error, apply. (*Hernandez, supra,* 46 Cal.3d at pp. 208-209 ["It is unnecessary to . . . engage in a harmless-error analysis when defendant's due process right to notice has been completely violated"]; *Najera, supra,* 8 Cal.3d at p. 512 ["We conclude that the People waived application of section [667.61, subdivision (e)(5)] by failing to have the matter resolved at trial"].)

We agree with the Court of Appeal below that, in light of the pleadings, it is reasonable to conclude the People made their charging decision by interpreting the various provisions of section 667.61 to authorize two consecutive 25-year-to-life sentences under the facts they intended to prove. The two properly pleaded subdivision (e) allegations for count 3 involving victim Y. (firearm use and kidnapping), and count 9 involving victim R. (gun use and tying or binding) meant the 25-year-to-life indeterminate terms authorized under subdivision (a) would apply to both. In addition, because there were two victims, the subdivision (a) offenses would run consecutively under subdivision (g), i.e., a subdivision (a) term would apply "once for any offense or offenses committed against a single victim during a single occasion." (§ 667.61, subd. (g).) Because the People elected to plead the enhancement allegations in this manner, the express provisions of subdivision (f) restricted the trial court to this application.[7]

We recognize one recent case has applied a harmless error analysis under circumstances factually similar to those presented here. (See *Knox,*

[7]Nor do we find that defendant waived the claim of sentencing error on appeal by failing to object at the sentencing hearing to imposition of the gun-use enhancements under counts 3 and 9. In *People v. Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], we held

*supra*, 74 Cal.App.4th 757.) However, although the *Knox* court analyzed the issue as an error in failing to plead the multiple victim circumstance expressly, the court failed to consider waiver or unauthorized sentencing. Moreover, unlike this case, the express sentencing directives of section 667.61, subdivision (f), had no impact given the facts of that case.

The information in *Knox* charged various sex offenses committed against three victims. Each count alleged a gun-use circumstance under section 667.61, subdivision (e)(4). (*Knox, supra,* 74 Cal.App.4th at p. 762.) The information failed expressly to allege the section 667.61, subdivision (e)(5), multiple victim circumstance. (74 Cal.App.4th at p. 761.) After distinguishing the holding in *Jones, supra,* 58 Cal.App.4th 693,[8] the *Knox* court resolved the issue as follows:

"Due process requires that an accused be advised of the specific charges against him so he may adequately prepare his defense and not be taken by surprise by evidence offered at trial. (*People* v. *Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577], disapproved on other grounds in *People* v. *Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3 [76 Cal.Rptr.2d 239, 957 P.2d 928].) . . .

"We conclude that under the present circumstances, any error in failing to expressly plead the multiple victim circumstance and include it as a finding on the verdict form was harmless. Appellant had adequate notice of the charges against him and against which he had to defend. The facts establishing the multiple victim circumstance were alleged. Appellant knew he was charged with numerous sexual offenses, committed with use of a firearm, against multiple victims. If true, these crimes and circumstances require a 25-year-to-life sentence, and appellant was convicted as charged of the crimes against all 3 victims. Neither appellant nor the record suggests that he would have defended the case any differently if the multiple victim circumstances (§ 667.61, subd. (e)(5)) had been specifically alleged. Since the jury found appellant guilty of all charges against all three victims, it rendered a

that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356.) We distinguished as outside the scope of the rule nonwaivable errors such as "legal error resulting in an unauthorized sentence [that] commonly occurs where the court violates mandatory provisions governing the length of confinement." (*Id.* at p. 354, fn. omitted.) Here, as explained, subdivision (f) of section 667.61 mandated that the properly pled and proved gun-use circumstances be used to support the One Strike terms. Subdivision (f), by its express terms, precluded the trial court from striking those circumstances in order to free up gun use as a basis for imposing lesser enhancement terms under section 12022.5(a). In the absence of such sentencing discretion, the waiver rule announced in *Scott* is inapplicable here.

[8]"Because the multiple victim circumstance in *Jones* was alleged in the information, no notice issue was presented." (*Knox, supra,* 74 Cal.App.4th at p. 763.)

de facto multiple victim finding thereby invoking the One Strike law. (See, e.g., *People* v. *Jones, supra,* 58 Cal.App.4th at p. 712.)" (*Knox, supra,* 74 Cal.App.4th at p. 764.)

The *Knox* court's conclusion that the defendant knew he was charged with numerous sexual offenses committed with use of a gun against multiple victims, and that, if true, those crimes and circumstances required a 25-year-to-life sentence (*Knox, supra,* 74 Cal.App.4th at p. 764) is questionable. In actuality, Knox had notice only that the People were formally alleging gun use as a single subdivision (e) qualifying circumstance, and hence, that he faced 15-year-to-life indeterminate terms under subdivision (b), rather than the 25-year-to-life terms he ultimately received under subdivision (a) of the One Strike law. Moreover, *Knox* did not involve the postconviction substitution of an unpleaded subdivision (e) circumstance for a properly pleaded circumstance, in order that the properly pleaded circumstance might be available for use in imposing an enhancement authorized under a different law. In short, *Knox* did not involve a violation of the express provisions of subdivision (f) of section 667.61, as did the trial court's sentencing choices in the instant case.[9]

In construing the provisions of section 667.61, "we must consider the [statutory language] in the context of the entire statute . . . and the statutory scheme of which it is a part." (*DuBois v. Workers' Comp. Appeals Bd., supra,* 5 Cal.4th at p. 388.) The language of section 667.61, subdivisions (f) and (i), qualifies the language of subdivision (e). The provisions of the One Strike law, taken as a whole, require that subdivision (e) qualifying circumstances be "pled and proved" (§ 667.61, subd. (f)), and as elsewhere provided, "be alleged in the accusatory pleading and either admitted by the defendant in open court or found true by the trier of fact." (§ 667.61, subd. (i).) The One Strike statutory scheme further directs that such factual averments shall first be applied to the "minimum number of circumstances" necessary to qualify the One Strike sentence being sought, "rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty." (§ 667.61, subd. (f).) Each of these pleading and proof requirements was breached in the present case when the gun-use circumstances, which had been properly pled and found true by the jury, were struck from the calculation of the One Strike indeterminate terms so that gun use could instead be used to impose lesser determinate terms under another enhancement statute (§ 12022.5(a)), with the unpled multiple victim circumstances purportedly substituted into the One Strike calculation for the first time at sentencing.

---

[9]To the extent *People v. Knox, supra,* 74 Cal.App.4th 757, is inconsistent with the views expressed herein, it is hereby disapproved.

We acknowledge that where a defendant is charged with and convicted of qualifying sex crimes against two or more victims, it may be difficult to meaningfully contest the truth of a multiple victim qualifying circumstance, whether or not that circumstance has been properly pled so as to afford the defendant fair notice it is being invoked in support of One Strike sentencing. But section 667.61 makes no special exception for the multiple victim qualifying circumstance—the statute's pleading and proof requirements apply to *all* of the qualifying circumstances enumerated in subdivisions (d) and (e). In many instances, the fair notice afforded by that pleading requirement may be critical to the defendant's ability to contest the factual bases and truth of the qualifying circumstances invoked by the prosecution in support of One Strike sentencing.

Furthermore, in many instances a defendant's decision whether to plea bargain or go to trial will turn on the extent of his exposure to a lengthy prison term. Under the People's position, there would be less incentive to plea bargain since the defendant would not be informed in advance of trial or sentencing that the prosecution intends to rely on the fact of convictions of offenses against multiple victims in support of a harsher One Strike term.

Last, although in this case the jury determined the truth of the One Strike qualifying circumstances, subdivision (i) of section 667.61 alternatively provides that the defendant may waive a jury determination and admit the truth of the qualifying circumstance or circumstances in open court. If we were to agree with the People that there is no requirement for the multiple victim qualifying circumstance to be specifically pled in the information because it can be established from the mere fact of ultimate conviction of qualifying sex offenses against multiple victims, how would a defendant "admit[]" such a circumstance in open court if he chooses to waive a jury? Without an allegation of some specificity in the charging document affording the defendant notice of which qualifying circumstance or circumstances are being invoked for One Strike sentencing, there would be nothing for the defendant to "admit" in open court pursuant to the alternative procedure prescribed in section 667.61, subdivision (i).

Our dissenting colleagues point to several statements made by appellate counsel during oral argument as calling into question whether defendant has preserved or even intended to pursue a due process notice claim in this court. (Dis. opn. of Brown, J., *post*, at pp. 755-756.) We believe that placing exclusive reliance on selected portions of counsel's oral argument presentation would be unfair to both defendant and appellate counsel. Defendant plainly argued in his brief before this court that adequate notice of the charges and potential penalties he faced was of constitutional dimension and

was compelled by the due process clause. He cited and discussed this court's decision in *Hernandez, supra,* 46 Cal.3d 194, in which we found a due process notice violation precluding application of a harmless-error analysis where a three-year enhancement term was imposed under former section 667.8 (kidnapping for purpose of rape) although it was never pleaded in the information, and was only mentioned for the first time in a probation report 10 days before sentencing. (*Hernandez,* at p. 197.) Defendant also argued in his brief before us that adequate awareness of the charges and penalties is necessary in order for defense counsel to discharge his or her constitutional obligation to effectively advise a client with respect to plea bargaining. And at the conclusion of his oral argument, counsel clarified defendant's position: the Legislature intended a constitutional statute when it enacted the One Strike law, and counsel believed it got one, although he acknowledged due process concerns would arise if the construction of the statute urged by respondent was adopted by this court.

We have acknowledged that, as a matter of factual proof, it would be difficult for a defendant to contest the truth of a multiple victim circumstance where he has been convicted of offenses against multiple victims. Perhaps counsel's observation at oral argument that "[I] [c]an't say there was something I could have proven if I'd had the chance, or some fact I could have disputed if I'd known about it," was simply recognition of that reality. But the observation only begs the fair notice question in this case. The pleading and proof requirements of section 667.61, subdivisions (f) and (i), and defendant's due process rights, were violated here—not because defendant was never afforded notice that he was being charged with crimes against two victims; he obviously was, and not because defendant was never afforded notice that the One Strike law would apply to his case; again, he was. Sentencing error occurred because defendant was given notice that gun use would be used as one of the two pleaded and minimally required circumstances in support of the One Strike terms, whereafter, at sentencing, the trial court used the *unpled* circumstance of multiple victims to support the One Strike terms, and further imposed two 10-year section 12022.5(a) enhancements that could otherwise not have been imposed but for the purported substitution.

The dissent also suggests our analysis "is reminiscent of the rigid code pleading requirements the Legislature has repeatedly rejected." (Dis. opn. of Brown, J., *post,* at p. 756.) To the contrary, we do not here hold that the specific numerical subdivision of a qualifying One Strike circumstance under section 667.61, subdivision (e), necessarily must be pled. We simply find that the express pleading requirements of section 667.61, subdivisions (f) and (i), read together, require that an information afford a One Strike

defendant fair notice of the qualifying statutory circumstance or circumstances that are being pled, proved, and invoked in support of One Strike sentencing. Adequate notice can be conveyed by a reference to the description of the qualifying circumstance (e.g., kidnapping, tying or binding, gun use) in conjunction with a reference to section 667.61 or, more specifically, 667.61, subdivision (e), or by reference to its specific numerical designation under subdivision (e), or some combination thereof. We do not purport to choose among them.

The dissent further relies on *People v. Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100], suggesting that in *Karaman* "this court reached a different conclusion interpreting substantially identical [pleading and proof] language in section 1203.06, subdivision (b)(1) . . . ." (Dis. opn. of Brown, J., *post*, at p. 760.) Section 1203.06 prescribes grounds for probation ineligibility. ■ As such, it is inapposite here because probation is not punishment (see *People v. Howard* (1997) 16 Cal.4th 1081, 1092 [68 Cal.Rptr.2d 870, 946 P.2d 828]), and is further a matter of privilege, not right. ■ The due process fair notice concerns in this case are simply not implicated in the same way when a trial court exercises its broad discretion to declare a defendant probation-ineligible at sentencing without prior notice.

In sum, we conclude the trial court erred at sentencing when it purported to substitute the unpled multiple victim circumstances for the properly pleaded and proved gun-use circumstances in support of the One Strike terms under counts 3 and 9. The gun-use enhancements were then improperly imposed under those counts in contravention of the provisions of section 667.61, subdivision (f). Those enhancements were therefore properly ordered stricken, and the One Strike sentence otherwise properly affirmed.

### CONCLUSION

The judgment of the Court of Appeal is affirmed, and the matter remanded to that court for further proceedings consistent with the views expressed herein.

Kennard, J., Werdegar, J., and Chin, J., concurred.

**BROWN, J.**—I respectfully dissent.

The majority asserts "a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (Maj. opn., *ante*, at p. 747.)

Here, however, defendant was on notice he might be subject to sentence on a multiple victim circumstance under Penal Code[1] section 667.61, subdivision (e)(5) (section 667.61(e)(5)). The "One Strike" law was specifically referenced in the information. Moreover, the prosecution alleged, and the jury found, defendant committed qualifying crimes against multiple victims. Nor did defendant object in the trial court either when the prosecutor sought to have the multiple victim circumstance imposed or when sentence was pronounced. As the Attorney General notes, "If appellant's trial counsel felt that the multiple-victim circumstance was not properly alleged pursuant to [section 667.61,] subdivision (i), he presumably would have objected to the application of the circumstance at trial. . . . The lack of any objection or even comment by any participant at sentencing in this case indicates that the application of the multiple-victim circumstance was of no surprise to appellant, trial counsel, the prosecutor or the trial court."

Indeed, at oral argument in this case, defense counsel repeatedly asserted, "I'm not here arguing my client did not have sufficient notice. This is not a due process notice question." "I don't think that there is any valid notice issue this trial lawyer could [have] raised, saying, 'Golly gee, I didn't know there was more than one victim here.' Of course he did." "[I] [c]an't say there was something I could have proven if I'd had the chance, or some fact I could have disputed if I'd known about it." Any omission in the information "[d]id not affect the trial of the case." What the majority refers to as a "clarifi[cation]" (maj. opn., *ante*, at p. 753) of defendant's position occurred only after two justices strongly prodded defense counsel regarding his repeated assertion there was no due process question. Hence counsel's response to such inquiry does not negate his earlier extended and categorical comments.[2]

Rather, defendant argues that the section 667.61(e)(5) circumstance "must be specifically alleged in the accusatory pleading, either in the statutory language or by reference to the statutory subdivision." The majority substantially agrees, concluding the Legislature intended the prosecutor to either specifically allege section 667.61(e)(5) or make a specific reference to the multiple victim circumstance. (Maj. opn., *ante*, at pp. 744-745.) In fact, the statutory language is otherwise. For the penalties provided in section 667.61 to apply, "the existence of any *fact* required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in

[1]All statutory references are to this code.

[2]Moreover, the majority's characterization of defendant's brief in this court is somewhat overstated. (Maj. opn., *ante*, at pp. 752-753.) Nowhere in his brief does defendant claim he lacked notice of the multiple victim circumstance. Indeed, in his brief defendant asserts there is no " 'standing' " issue here, and that "Mr. Mancebo is free to point to all potential constitutional problems, even if they could not arise in his case."

open court or *found to be true* by the trier of fact." (§ 667.61, subd. (i), italics added.) Nothing in this language expressly requires an aggravating circumstance to be specifically pled by statutory number, or for the phrase "multiple victim" to be used. Rather, it requires the existence of the necessary *facts* to be alleged and found true. Here, the facts of the multiple victim circumstance were alleged in the information and found true. The prosecution alleged, and the jury found, defendant committed qualifying crimes a month apart and against different victims. Nothing further should be required to put defendant on notice he would be subject to sentence under the multiple victim circumstance of section 667.61(e)(5).[3]

Accordingly, even if the majority is correct to conclude that there was error in the charging document in this case, it must concede defendant's actual notice was more than adequate. While it may be better practice to include a more explicit reference to the multiple victim circumstance in the pleading, there can be no doubt under the circumstances of this case that notice was adequate. In concluding the Court of Appeal was correct to strike the gun-use enhancements, the majority exalts form over substance.

Indeed, by insisting the prosecutor specifically plead by statutory number, or use the phrase "multiple victim" in the information, the majority's result is reminiscent of the rigid code pleading requirements the Legislature has repeatedly rejected. (§§ 958 ["Words used in a statute to define a public offense need not be strictly pursued in the accusatory pleading, but other words conveying the same meaning may be used"], 960 [ "No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits"]; *People v. Schueren* (1973) 10 Cal.3d 553, 558 [111 Cal.Rptr. 129,

---

[3]The majority asserts, "The validity of the One Strike sentence imposed in this case is *not* contested. Rather, the narrow question presented is whether the circumstance of gun use was available to support two section 12022.5(a) enhancements when gun use had already been properly pled and proved as a basis for invoking One Strike sentencing." (Maj. opn., *ante*, at p. 738, original italics.) Of course, the validity of the One Strike sentence imposed is the only issue in this case. If, as I assert under the circumstances of this case, the prosecutor may properly request at sentencing the trial court impose the One Strike sentence in part under the multiple victim circumstance, and the court does so, then there is no basis under the clear language of section 667.61, subdivision (f), for the defendant to challenge the trial court's use of the now "leftover" gun-use circumstance as an enhancement. If, however, as the majority asserts, the prosecutor may not invoke the multiple victim circumstance, and the trial court may not impose sentence under the One Strike law for that circumstance, then the gun-use enhancements were improper because under section 667.61, subdivision (f), the gun use must first be used as a circumstance for the One Strike sentence. In short, defendant would not be challenging the imposition of the gun-use enhancements if there was no question about the appropriateness of using the multiple victim circumstance in the "the One Strike sentence." (Maj. opn., *ante*, at p. 738.)

516 P.2d 833] ["sections 951 and 952, which specify the form and matters that must appear in an information, contain no requirement that the statute which the accused is charged with violating be designated by number"]; *People v. Deas* (1972) 27 Cal.App.3d 860, 863 [104 Cal.Rptr. 250] ["We know of no law that requires a criminal pleading to cite the code section applicable to facts properly pleaded"].)

Nor does the majority's consideration of section 667.61, subdivision (i), in conjunction with subdivision (f) strengthen its conclusion. (Maj. opn., *ante*, at pp. 743, 744-745.) Subdivision (f) delineates which punishment scheme applies when only "the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved," and when more than the minimum number of "circumstances specified in subdivision (d) or (e) have been pled and proved."[4] As a preliminary matter, this subdivision arguably has nothing to do with the pleading and proof requirements because it does not come into play until after the relevant circumstances have been pled and proved. Even if it is applicable, nothing in the word "circumstances" compels the interpretation that a specific statutory section or language must be cited rather than "the existence of any fact required under subdivision (d) or (e)," as required by subdivision (i).

The majority notes that under section 667.61, subdivision (f), the trial court is prohibited from striking any circumstance pled and proved. (Maj. opn., *ante*, at p. 749, fn. 7; see *id.* at p. 751.) The purpose of this subdivision, however, is to make certain the trial judge does not accord the defendant undue *leniency*. Here, the trial court followed the clear directive of the One Strike law. First, use any applicable circumstances, which in this case included the multiple victim circumstance, to impose the harsh sentencing available under that law, unless another law provides for a greater penalty. Second, if there are leftover circumstances, such as the gun-use circumstance, use these to impose any further punishment or enhancement "authorized under any other law," here section 12022.5, subdivision (a). (§ 667.61,

---

[4] Section 667.61, subdivision (f), provides, "If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)."

subd. (f).) The trial court did not violate but complied with the dictates of section 667.61, subdivision (f), by using the multiple victim circumstance to impose sentence under the One Strike law. Indeed, it is the majority's conclusion that appears to violate subdivision (f), because it requires the trial court to ignore a circumstance that was pled and proved, and which the prosecutor requested the court to use.

Unable to escape defendant's repeated concessions at oral argument that there is no due process issue here, the majority concludes either use of the multiple victim circumstance was waived by the prosecution, or the sentence was unauthorized, and hence any lack of prejudice is immaterial. (Maj. opn., *ante*, at pp. 743, 749, fn. 7.) Of course, use of the circumstance was not waived, given the prosecutor requested its use at sentencing, and the factual circumstances underlying the circumstance were set forth in the information and found true by the jury.

Nor was the sentence unauthorized. (Maj. opn., *ante*, at pp. 743, 749, fn. 7.) As Justice Baxter has previously thoughtfully explained, "a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*).) The " 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*Ibid.*) By contrast, "claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Ibid.*; *People v. Jenkins* (2000) 22 Cal.4th 900, 1000 [95 Cal.Rptr.2d 377, 997 P.2d 1044] [general rule that an appellate court will not consider procedural defects or erroneous rulings when an objection could have been but was not presented to the lower court].)

In this case there is no question the sentence imposed was allowable under the relevant statutory scheme. In other words, the fact defendant committed certain sex crimes against multiple victims is a permissible circumstance under which to apply the One Strike law. (§ 667.61(e)(5).) The only issue, not preserved in the trial court and further waived at oral argument, is whether defendant received notice that the prosecutor intended to rely on the multiple victim circumstance. Given defendant's failure to object at sentencing, and his repeated concessions in this court that the trial was unaffected by any lack of more specific pleading, even assuming the trial court erred by imposing sentence under the multiple victim circumstance when it was not alleged in the information by section number or by the term "multiple victim," that error was waived. Here, as in *Scott*, "application of the waiver

rule helps avoid error and the need for appellate intervention in the first place." (*Scott, supra,* 9 Cal.4th at p. 355.) Indeed, even if the claim had been preserved, given defendant's repeated assertions the error had no effect on how the case was tried, any error was harmless. It is unlikely the Legislature intended the pleading and proof provisions of the One Strike law to punish a prosecutor and reward a defendant for something that had no tangible effect on the case.

The case law on which the majority relies necessarily only by "analogy" is distinguishable because in this case the information contained the requisite factual allegations and the jury necessarily found these facts to be true. (Maj. opn., *ante,* at p. 745; *id.* at pp. 745-748.) In *People v. Hernandez* (1988) 46 Cal.3d 194, 199 [249 Cal.Rptr. 850, 757 P.2d 1013] (*Hernandez*) (abrogated by *People v. King* (1993) 5 Cal.4th 59, 78, fn. 5 [19 Cal.Rptr.2d 233, 851 P.2d 27], and superseded by statute as noted in *People v. Rayford* (1994) 9 Cal.4th 1, 8-9 [36 Cal.Rptr.2d 317, 884 P.2d 1369]), the defendant was convicted of rape and kidnapping. Former section 667.8, which provided for a three-year additional term when the kidnapping was for the purpose of rape, was first mentioned in the probation report. This court concluded former section 667.8 required a "specific mental state which must be found to exist before the enhanced term may be imposed," and involved "a new fact not established merely by defendant's conviction for rape and kidnapping." (*Hernandez,* at p. 204.) Hence, the failure to plead and prove this mental state violated the defendant's due process right. (*Id.* at pp. 205, 206, 208, 209, 211.) By contrast in this case, the majority concedes the jury verdict "can be deemed an implied factual determination that defendant was convicted of 'an offense specified in subdivision (c) against more than one victim.' " (Maj. opn., *ante,* at p. 746, quoting § 667.61(e)(5).)

In *People v. Najera* (1972) 8 Cal.3d 504, 508 [105 Cal.Rptr. 345, 503 P.2d 1353] (disagreed with by *People v. Wiley* (1995) 9 Cal.4th 580, 587-588 [38 Cal.Rptr.2d 347, 889 P.2d 541]), the People stipulated that a gun-use enhancement under section 12022.5 was inapplicable. This court nonetheless concluded that because the People failed to request an instruction on whether the defendant had used a gun within the meaning of section 12022.5, they had waived the application of that section. (*Najera,* at pp. 509, 512.) In *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1439-1440 [7 Cal.Rptr.2d 1], the court simply concluded that because the information noted defendant had been convicted of burglary, but did not allege the burglary was of an inhabited dwelling or refer to former section 667, and because the defendant only admitted the " 'crime of burglary,' " imposition of a five-year enhancement under former section 667 for residential burglary was improper. Indeed, in *Haskin,* the court noted "reference to an incorrect penal statute can

be overcome by factual allegations adequate to inform the defendant of the crime charged." (*Haskin*, at p. 1439.) Once again, by contrast here, as the majority acknowledges, the jury "at a minimum" implicitly determined that the factual basis for a section 667.61(e)(5) multiple victim circumstance existed. (Maj. opn., *ante*, at p. 746.)

More apt is *People v. Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100] (limited on other grounds in *People v. Howard* (1997) 16 Cal.4th 1081, 1095 [68 Cal.Rptr.2d 870, 946 P.2d 828]), a case not discussed by the majority and which preceded the enactment of section 667.61. In *Karaman*, this court reached a different conclusion interpreting substantially identical language in section 1203.06, subdivision (b)(1), which provides: "The existence of any fact which would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt. . . ." In *Karaman* we noted, "The amended information does not include an allegation that defendant is ineligible for probation pursuant to section 1203.06, subdivision (a)(1)(ii), by reason of his personal use of a firearm during the commission of the robbery. Subdivision (b)(1) of section 1203.06 requires only that the accusatory pleading allege 'any fact' rendering the defendant ineligible for probation pursuant to subdivision (a), however, and does not require a reference to section 1203.06 itself. The personal-use allegation under section 12022.5 therefore was sufficient to invoke section 1203.06." (*Karaman*, at p. 340, fn. 3.)

The majority sets forth a parade of horribles that will result if defendant in this case is held to a sentence allowable under the statute and to which he did not object. (Maj. opn., *ante*, at p. 752.) The majority notes, "In many instances, the fair notice afforded by [the] pleading requirement may be critical to the defendant's ability to contest the factual bases and truth of the qualifying circumstances invoked by the prosecution in support of One Strike sentencing." (*Ibid.*) That may be true in a different case, but as defendant has repeatedly conceded, it is not the situation here. The majority is also concerned that if a defendant is "not . . . informed in advance of trial or sentencing that the prosecution intends to rely on the fact of convictions of offenses against multiple victims in support of a harsher One Strike term," he may be less inclined to plea bargain. (*Ibid.*) Given the terms of the One Strike law, such as the prohibition of the trial court striking any circumstance, a plea bargain seems unlikely. (§ 667.61, subd. (f).) Moreover, the defendant is free to object to imposition of the multiple victim circumstance if it indeed affects his decision to plea bargain; once again, defendant here did not object to such imposition. Finally, the majority queries how a defendant, who has waived a jury (or presumably other trier of fact) determination, would " 'admit[]' " (maj. opn., *ante*, at p. 752) in open court the

"existence of any fact required" for the multiple victim circumstance within the meaning of section 667.61, subdivision (i). At least one method is apparent. As was done in this case, the prosecutor would request that the multiple victim circumstance be imposed. The defendant then would admit that qualifying crimes were committed against more than one victim.

While engaging in such speculation based on facts not present here, the majority on the other hand seeks to limit the effect of its interpretation of the actual statutory language at issue. (Maj. opn., *ante*, at p. 745, fn. 5.) As both parties observe, substantially identical language to that in section 667.61, subdivision (i) is found in numerous other statutes. (See, e.g., §§ 190.05, subd. (c), 451.1, subd. (b), 452.1, subd. (b), 666.5, subd. (c), 667.10, subd. (b), 670, subd. (a), 1203.055, subd. (d)(1), 1203.06, subd. (b)(1), 1203.066, subd. (d), 1203.075, subd. (b)(1), 12022.53, subd. (j), 12022.6, subd. (c), 12022.9, subd. (a); see also 667.7, subd. (b), 667.16, subd. (a), 667.71, subd. (d), 667.75.) Thus, the majority's conclusion in this case will necessarily have more far-reaching effect than defendant's two 10-year gun-use enhancements.

I would reverse the Court of Appeal's judgment.

George, C. J., and Moreno, J., concurred.