Filed 8/25/21  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306060 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA460612) |
| v. | |
| TEODORO LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jaime L. Fuster and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Teodoro Lopez of sex crimes against his step-granddaughters.  Lopez claims the terms imposed for two of these crimes are unauthorized and must be reversed.  We follow *People v. Zaldana* (2019) 43 Cal.App.5th 527, review granted March 18, 2020, S259731 (*Zaldana*), and affirm.  Statutory citations are to the Penal Code.

Lopez and the prosecution declined to brief the underlying facts because this appeal concerns a legal sentencing issue.  We follow their lead.  We note Lopez, who is over 70 years old, faces a prison sentence of 125 years to life for his crimes against his step-granddaughters.

Specifically, Lopez stands convicted of five counts of oral copulation or sexual penetration with a child 10 years old or younger in violation of section 288.7, subdivision (b) (counts 1 through 5), and two counts of continuous sexual abuse of a child under 14 years old in violation of section 288.5, subdivision (a) (counts 6 and 7).  We focus on the latter two counts, which involved two of the step-grandchildren.

For each of these counts, the jury found true the allegation that Lopez committed the offense against more than one victim, within the meaning of section 667.61, subdivisions (b) and (e).

The trial court sentenced Lopez under section 667.61, the "One Strike" law.  This statute provides an alternative, harsher set of penalties for certain sex crimes (including violating section 288.5) committed under specified circumstances (including committing the offense against multiple victims).  (§ 667.61, subds. (c)(9) & (e)(4); *People v. Mancebo* (2002) 27 Cal.4th 735, 738, 741–742 (*Mancebo*).)  Depending on the circumstances, the law provides for indeterminate sentences of 15 years to life or 25 years to life.  (*Mancebo*, at p. 742.)

For counts 6 and 7, the trial court imposed consecutive terms of 25 years to life under section 667.61, subdivision (j)(2). This subdivision provides for a prison term of this length where a victim is a child under age 14. (§ 667.61, subd. (j)(2).)

Lopez claims this was error, and one that violated pleading requirements and his due process rights, because the information identified the penalty as 15 years to life and never mentioned subdivision (j)(2).

Until our Supreme Court weighs in, our reasoning in *Zaldana* forecloses Lopez's argument. As in *Zaldana*, the information here identified the circumstances that could subject Lopez to the elevated term. It alleged: "within the meaning of Penal Code section 667.61(b) and (e), as to defendant, TEODORO LOPEZ, as to counts 6 and 7 [ ] the following circumstances apply: 'the defendant engaged in the present case or cases committed an offense specified in Section 667.61(c) against more than one victim.' "

By identifying section 667.61, subdivision (b), which in turn references subdivision (j), the information notified Lopez the longer prison term was possible. (*Zaldana*, *supra*, 43 Cal.App.5th at pp. 533–535, review granted.) The information provided further notice of the applicability of subdivision (j)(2) by charging Lopez with two counts of qualifying sex crimes involving two child victims under age 14. (See *Zaldana*, at p. 535.)

Lopez says this case is unlike *Zaldana* because the information does not identify the numerical subdivision for the multiple victim circumstance: subdivision (e)(4) of section 667.61. The information, however, described this circumstance sufficiently. (See *Mancebo*, *supra*, 27 Cal.4th at p. 754 [an

3

information can convey adequate notice by describing the qualifying circumstance and referring to section 667.61].)

Lopez also argues his case is distinguishable because the first page of the information—the "Information Summary" page— identified "15 to Life State Prison" as the effect of the special allegations. Critically, Lopez never argues this misidentification of the possible sentence prejudiced or misled him in any way. (See § 960 [defect in accusatory pleading that does not "prejudice a substantial right of the defendant upon the merits" cannot affect the judgment]; *In re Vaquera* (2019) 39 Cal.App.5th 233, 239, 242, review granted Nov. 26, 2019, S258376 [defendant failed to demonstrate prejudice where he failed to show he would have prepared or defended the case any differently]; *People v. Wilford* (2017) 12 Cal.App.5th 827, 837 ["a variance between the information and sentence generally does not offend due process unless a defendant is misled to his prejudice in presenting a defense"].)

Lopez relies heavily on *Mancebo*. But unlike that case, this one cannot be characterized as turning on prosecutorial discretion. (See *Mancebo*, *supra*, 27 Cal.4th at p. 749 [failure to allege multiple victim circumstance deemed discretionary charging decision]; see also *People v. Anderson* (2020) 9 Cal.5th 946, 954, 956–957 [following *Mancebo*].) In this case, the prosecution expressly alleged multiple victim circumstances under the One Strike law for qualifying offenses in which the victims were under age 14. The jury's findings on counts 6 and 7 thus made the higher 25-year-to-life terms mandatory. (*Zaldana*, *supra*, 43 Cal.App.5th at pp. 529, 532, 536, review granted.)

4

**DISPOSITION**

We affirm the judgment.

WILEY, J.

We concur:

GRIMES, Acting P. J.

STRATTON, J.