**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JOSEPH FLORES, | No. 09-55970 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-03613-MMM-VBK |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 6, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Petitioner James Joseph Flores ("Flores") appeals the district court's denial

of his petition for habeas relief. On November 16, 1998, after a jury trial in the

California superior court, Flores was convicted of: simple kidnapping (Cal. Penal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Code § 207[1]), forcible oral copulation (§ 288a(c)), forcible sodomy (§ 286(c)), corporal injury to a spouse (§ 273.5(a)), and making terrorist threats (§ 422). Flores's sentence was enhanced from an eight-year term to a twenty-five-year-to-life term pursuant to Cal. Penal Code § 667.61(d)(2), because the jury found that Flores "kidnapped the victim and the movement of the victim substantially increased the risk of harm to the victim over and above that level necessarily inherent in the underlying offense" of forcible sodomy. The jury found the same with respect to forcible oral copulation. The § 207 simple kidnapping conviction was reversed on direct appeal, but the validity of the § 667.61(d)(2) "aggravated kidnapping circumstance" of the § 667.61 sentence enhancement was not raised on direct appeal and, thus, never reversed. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse the denial of habeas relief and remand with directions to grant.

Under *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979), and *In re Winship*, 397 U.S. 358, 364 (1970), the Due Process Clause of the Fourteenth Amendment requires that there be sufficient evidence of each element of a crime to convict. Here, appellate counsel did not raise the meritorious insufficiency of the evidence

---

[1] All statutory references are to the version of the California Penal Code operable when Flores was charged and convicted in 1998.

claim on direct appeal.  Although the sufficiency claim was not exhausted in state court, *In re Dixon*, 41 Cal.2d 756, 759 (Cal. 1953), Flores has demonstrated cause and prejudice to overcome this procedural default based on the ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668 (1984); *see Coleman v. Thomspon*, 501 U.S. 668 (1984).  Flores's counsel failed to raise the sufficiency claim even after the state court of appeal reversed the § 207 conviction. Because the state courts never offered a "reasoned decision" on the issue whether there was sufficient evidence to support the § 667.61 enhancement, we "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable."  *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (internal quotation marks and citation omitted).

The sufficient evidence principle applies to § 667.61(d)(2) enhancements because the statute treats the enhancements as offenses, the facts of which must be "alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."  Section 667.61(i); *cf. People v. Mancebo*, 41 P.3d 556, 567 (Cal. 2002) (noting that § 667.61's "pleading and proof requirements apply to all of the qualifying circumstances enumerated in subdivisions (d) and (e).")

There is insufficient evidence under any theory of kidnapping to conclude that Flores "kidnapped" the victim within the meaning of the § 667.61(d)(2) enhancement presented to the jury. The prosecution charged and tried Flores for kidnapping under § 209(b) "aggravated kidnapping." The jury acquitted Flores of this charge. The jury convicted Flores of the lesser-included § 207 "simple kidnapping" and the state appellate court reversed this conviction as a matter of law because the asportation standard was not met. Even assuming, as the Government argues, that the § 667.61(d)(2) enhancement incorporates the § 209(b) asportation standard, Flores could not have "kidnapped" the victim so as to satisfy the elements of § 667.61(d)(2) under this theory while simultaneously being acquitted of the § 209(b) kidnapping. By acquitting Flores of § 209(b) kidnapping, the jury demonstrated that it did not find sufficient "factual allegations to be true" to sustain a conviction pursuant to § 209(b) or a sentence enhancement pursuant to § 667.61. *People v. Anderson*, 211 P.3d 584, 590 (Cal. 2009).

Therefore, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find "the essential elements of the [§ 667.61(d)(2) enhancement] beyond a reasonable doubt." The imposition of the enhancement was "objectively unreasonable," *Himes*, 336 F.3d at 853, because it

4

violated Flores's due process rights.  *Jackson*, 443 U.S. at 319; *In re Winship*, 397 U.S. at 364.

For the above reasons we **REVERSE** the district court's denial of habeas relief.  On remand, the district court is instructed to **GRANT** a conditional writ of habeas corpus directing the state to release Flores or resentence him within a reasonable period of time without reference to the § 667.61 enhancement.

**REVERSED AND REMANDED**