Filed 11/30/20  P. v. Beavers CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G056848 |
| v. | (Super. Ct. No. 14WF2967) |
| GARY LEE BEAVERS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Arlene Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Gary Lee Beavers appeals from a judgment after a jury convicted him of numerous sexual offenses.  Beavers argues the trial court's sentence violated his due process rights, and we should independently review the court's ruling on his motion to disclose peace officer personnel records.  There was no error, and we affirm the judgment.

FACTS

After the prosecution filed a complaint charging Beavers with sexual offenses against two victims under 14 years of age, he appeared in court and asked to represent himself.  The prosecutor noted she would include a multiple victim allegation as to count 3, and thus, Beavers would face a maximum penalty of 75 years to life.  The following week, the trial court granted Beavers' request to represent himself.  The prosecutor and the trial court reiterated Beavers faced a 75 years to life plus eight months sentence.

An amended information charged 66-year-old Beavers with the following: oral copulation with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b), all further statutory references are to the Penal Code) (count 1); digital penetration with a child 10 years old or younger (§ 288.7, subd. (b)) (count 2); three counts of lewd act upon a child under 14 years old (§ 288, subd. (a)) (counts 3-5); using a minor for sex acts (§ 311.4, subd. (c)) (count 6); and possession and control of child pornography (§ 311.11, subd. (a)) (count 7).  Counts 1 to 4 concerned Jane Doe, and count 5 concerned John Doe.  With respect to counts 3, 4, and 5, the amended information "alleged pursuant to . . . sections 667.61[, subdivisions] (b)/(e) that in the commission of the above offense[s] . . . Beavers committed an offense specified in . . . section 667.61[, subdivision] (c) against more than one victim."

Before trial, Beavers filed a motion for discovery of peace officer personnel records pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).  The trial

court granted the motion, reviewed the personnel files in camera, and determined there were no records responsive to the motion.

The prosecution offered evidence Beavers sexually abused a seven-year-old girl and her five-year-old brother, and he photographed and videotaped some of his depravity. He both denied the charges, and in part asserted he acted under the influence.

The jury convicted Beavers of all counts and found true the multiple victim allegations. The prosecution filed a sentencing brief requesting the trial court sentence Beavers pursuant to the "One Strike" law (§ 667.61, subds. (b), (e), (j)(2)). The court sentenced him to prison for three years plus 105 years to life as follows: count 6-three years; counts 1 and 2-two terms of 15 years to life; and counts 3, 4, and 5-consecutive terms of 25 years to life. The court imposed and stayed punishment on count 7.

DISCUSSION

## I. One Strike Law

Beavers argues the trial court's imposition of 25 year-to-life terms on counts 3, 4, and 5 violated his due process rights because the information did not mention section 667.61, subdivision (j)(2), and the prosecution and the court advised him the maximum penalty was something less.[1] We disagree.

Section 667.61, subdivision (b), requires a 15-year-to-life term for a qualifying offense "[e]xcept as provided in subdivision (a), (j), (l), or (m)." One of those identified exceptions—subdivision (j)—requires the longer term of 25 years to life when the same requirements are met from subdivision (b) but the victim is a child under 14 years old. (§ 667.61, subd. (j)(2).)

Our Supreme Court has stated "a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (*People v. Mancebo* (2002) 27 Cal.4th 735, 747

---

[1] The Attorney General does not assert forfeiture of this issue. (*People v. Mancebo* (2002) 27 Cal.4th 735, 749-750, fn. 2 (*Mancebo*).)

3

(*Mancebo*).) Additionally, "The penalties provided in [section 667.61] shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (o), accord § 667.61, subd. (f) ["pled and proved"].) "[A]n information that fails to plead the specific numerical subdivision of an enhancement is [not] necessarily inadequate." (*People v. Anderson* (2020) 9 Cal.5th 946, 957 (*Anderson*) [accusatory pleading must adequately inform defendant how prosecutor will seek to exercise discretion]; citing *Mancebo, supra,* 27 Cal.4th at p. 753.)[2]

In *People v. Jimenez* (2019) 35 Cal.App.5th 373, 377-378 (*Jimenez*), the information charged defendant with a plethora of sex crimes involving three child victims. As to numerous counts, the information alleged the multiple victim circumstance, citing section 667.61, subdivisions (b) and (e), but not subdivision (j). The trial court sentenced defendant to consecutive 25-year-to-life terms presumably based on section 667.61, subdivision (j)(2). (*Jimenez, supra,* 35 Cal.App.5th at pp. 377-378.) The appellate court concluded the information provided insufficient notice of the longer One Strike terms: "Here, the information only informed [defendant] he could be sentenced to terms of 15 years to life under . . . section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims. The information did not put him on notice that he could be sentenced to terms of 25 years to life under section 667.61[, subdivision] (j)(2) for committing those offenses upon multiple victims, *at least one of whom was under 14 years of age*. Under these circumstances, imposition of sentence under section 667.61[, subdivision] (j)(2) violated [defendant's] constitutional right to due process." (*Jimenez, supra,* 35 Cal.App.5th at p. 397, fn. omitted.)

---

[2]   After briefing was complete in this case, we invited the parties to file supplemental letter briefs on *Anderson, supra,* 9 Cal.5th 946.

Two published decisions have disagreed with *Jimenez*, and the California Supreme Court has granted review to resolve the conflict. One of those cases was from a different panel of this court—*In re Vaquera* (2019) 39 Cal.App.5th 233 (*Vaquera*), review granted November 26, 2019, S258376. In *Vaquera*, the information charged defendant with two counts of sex crimes involving two child victims. The information alleged the multiple victim circumstance, citing section 667.61, subdivisions (b) and (e), but not subdivision (j). (*Vaquera, supra,* 39 Cal.App.5th at p. 236.) The *Vaquera* court found the information was not required to allege subdivision (j)(2), because subdivision (j)(2)'s 25-year-to-life exception "was effectively noted in the information by reference to section 667.61, subdivision (b), which specifically references, in its introductory clause, section 667.61, subdivision (j), as an exception to its provisions." (*Vaquera, supra,* 39 Cal.App.5th at pp. 241-242.) The court also concluded defendant failed to demonstrate any prejudice because he could not show he would have prepared or defended his case any differently. (*Id.* at p. 242.) Finally, the court disagreed with *Jimenez*, reasoning that the court failed to consider the fact the 25-year-to-life exception under subdivision (j)(2), is specifically referenced in subdivision (b). (*Vaquera, supra,* 39 Cal.App.5th at p. 244.)

In *People v. Zaldana* (2019) 43 Cal.App.5th 527, 533, review granted March 18, 2020, S259731, the court agreed with the *Vaquera* court's "detailed analysis" and rejected the *Jimenez* court's "cursory reasoning."

We find *Vaquera* and *Zaldana* more persuasive than *Jimenez*, which did not address the fact section 667.61, subdivision (b), expressly states an exception for subdivision (j). (*Vaquera, supra,* 39 Cal.App.5th at p. 244; *Zaldana, supra,* 43 Cal.App.5th at pp. 534-535.) Here, Beavers received sufficient notice he was subject to a 25-year-to-life sentence because the information pleaded section 667.61, subdivision (b), which specifically references the subdivision (j), exception providing for a 25-year-to-life

5

term when the victims are under age 14.  Further, Beavers has not shown any prejudice because he does not contend he would have prepared his case any differently.

Beavers relies on *Mancebo* and *Anderson* to argue he did not receive fair notice.  We disagree.  In *Mancebo*, the information did not allege the multiple victim enhancements or its numerical subdivision, but the court "substituted" the allegations. (*Mancebo, supra,* 27 Cal.4th at p. 740.)  In *Anderson*, the information did not allege the enhancements as to the counts in question, but the court instructed on them.  (*Anderson, supra,* 9 Cal.5th at p. 951.)  Unlike in *Mancebo* and *Anderson,* here, the information alleged the two multiple victim aggravating circumstances in compliance with the pleading requirements by reference to section 667.61, subdivision (b).  The fact the prosecution and the trial court stated the maximum sentence was lower does not alter our conclusion where the information provided adequate constitutional notice.  It is the statute that matters, not the opinions of the court or prosecutor.

## II.  Pitchess

Beavers requests we make an independent review of the trial court's ruling on his motion to disclose peace officer personnel records.  The Attorney General does not object to our review.

A criminal defendant is entitled to the discovery of confidential police officer personnel records if the information contained therein is relevant to his ability to defend against the charge.  (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 537-538.) To obtain such records, the defendant must submit an affidavit showing good cause for the discovery.  (Evid. Code, § 1043, subd. (b)(3).)  A showing of good cause requires a defendant seeking *Pitchess* discovery "to establish . . . a logical link between [a proposed defense] and the pending charge" and "to articulate how the discovery being sought would support such a defense or how it would impeach the officer's version of events." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1021.)  Discoverable information is

6

"limited to instances of officer misconduct related to the misconduct asserted by the defendant." (*Ibid.*)

Under *People v. Mooc* (2001) 26 Cal.4th 1216, 1229-1232, upon a request from a defendant, an appellate court may review the sealed transcript of a trial court's in camera *Pitchess* hearing to determine whether the trial court disclosed all relevant documents. We may review the transcript of the in camera proceeding. (See *People v. Jackson* (1996) 13 Cal.4th 1164, 1221, fn. 10.) We review the trial court's ruling on such a motion for abuse of discretion. (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

We independently reviewed the sealed transcript of the trial court's in camera hearing on the prosecution's motion and the records. We conclude the trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

7